UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MIRABILIS VENTURES, INC.,             :       Civil Case No. 05-7905 (RCC)

            Plaintiff,         :

      -against-         :

BRENTWOOD CAPITAL CORPORATION   :
and CHARLES J. SPINELLI, individually,

                 :

         Defendants.
-------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULES 12(b)(6), 12(b)(7), AND 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (ii)

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT I        The Complaint Should be Dismissed in its Entirety . . . . . . . . . . . . . . . . 6

         i.      The Applicable Standards Under a
                 Rule 12(b)(6) Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

         ii.     The Underlying Transaction Documents and
                 Related Instruments May Be Considered in a
                 Dismissal Motion Without Converting it to a
                 Motion for Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT II     The Contract Claims are Non-assignable and the Third Cause
         of Action Should be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT III    Mirabilis has Failed to Join an Indispensable Party and
         the Complaint is Subject to Dismissal under Rule 12(b)(7) . . . . . . . . . . 9

POINT IV    The Allegations of Fraud and Fraud in the Inducement
         Must be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

         i.      The Fraud Claims Are Duplicative of the Breach of
                 Contract Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

         ii.     The Fraud Claims Are Not Pled with the Requisite
                 Particularity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

POINT V     The Allegations of Conversion Must be Dismissed . . . . . . . . . . . . . . . . 15

POINT VI    The Allegations of Civil Conspiracy Must be Dismissed . . . . . . . . . . . 17

         i.      Civil Conspiracy Cannot Exist Where there is
                 No Underlying Actionable Tort . . . . . . . . . . . . . . . . . . . . . . . . . . 17

         ii.     A Corporation Cannot Conspire With Its Officers . . . . . . . . . . . 17

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## Table of Authorities

*ABF Capital Management v. Askin Capital Management*
957 F.Supp. 1308 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*
404 F.3d 566 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Agugliaro v. Brooks Brothers, Inc.*
802 F.Supp. 956 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Alexander & Alexander of New York v. Fritzen*
68 N.Y.2d 968, 510 N.Y.S.2d 546 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Allhusen v. Caristo Constr. Corp.*
303 N.Y. 446, 103 N.E.2d 891 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Avon Cosmetics (FEBO) Ltd. v. New Hampton, Inc.*
1991 WL 90808 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*
98 F.3d 13, 20 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Chambers v. Time Warner, Inc.*
282 F.3d 147 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Clarke v. Max Advisors, LLC*
235 F.Supp.2d 130 (N.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Conley v. Gibson*
355 U.S. 41, 78 S. Ct. 99 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cortec Industries v. Sum Holding, L.P.*
949 F.2d 42 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Crabtree v. Tristar Auto. Group, Inc.*
776 F.Supp. 155 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Dupont Flooring Sys., Inc. v. Discovery Zone, Inc.*
2004 WL 1574629 (S.D.N.Y. July 14, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*E.I. DuPont De Nemours & Co. v. Fine Arts Reproduction Co., Inc.*
1995 WL 312505 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ente Nazionale Idrocarburi v. Prudential Securities Group, Inc.*
744 F.Supp. 450 (S.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Fabry's S.R.L. v. IFT Intern., Inc.*
2003 WL 21203405 (S.D.N.Y. May 21, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*First City Nat. Bank and Trust Co. v. Federal Deposit Ins. Co.*
730 F.Supp. 501 (E.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Freedom Holdings, Inc. v. Spitzer*
357 F.3d 205 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Girard v. 94ᵗʰ St. & Fifth Ave. Corp.*
530 F.2d 66 (2d Cir. 1976),
*cert. denied*, 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976) . . . . . . . . . . . . . . . . . . . 18

*Global Discount Travel Services, LLC v. Trans World Airlines*
960 F.Supp. 701 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Goldman v. Belden*
754 F.2d 1059 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Great Earth Int'l Franchising Corp. v. Milks Dev.*
311 F.Supp.2d 419 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Helprin v. Harcourt, Inc.*
277 F.Supp.2d 327 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hermann v. Moore*, 576 F.2d 453 (2d Cir. 1978),
*cert. denied*, 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978) . . . . . . . . . . . . . . . . . . . 18

*Holloway v. King, et. al.*
2005 U.S.App. LEXIS 29117 (2d Cir. 2005) (Decided December 30, 2005) . . . . . . . . . . . . . . 7

*Int'l Audiotext Network, Inc. v. Am. Tel & Tel. Co.*
62 F.3d 69 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

(iii)

*J.E. Morgan Knitting Mills, Inc. v. Reeves Bros., Inc.,*
243 A.D.2d 422, 663 N.Y.S.2d 211 (1st Dept. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*John Paul Mitchell Sys. v. Quality King Distribs., Inc.*
2001 WL 910405 (S.D.N.Y. Aug. 13, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*
507 U.S. 163, 113 S. Ct. 1160 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Macklowe v. 42nd Street Dev't Corp.*
170 A.D.2d 388, 566 N.Y.S.2d 606 (1st Dept. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Mills v. Polar Molecular Corp.*
12 F.3d 1170 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Missigman v. USI Northeast Inc.*
131 F.Supp.2d 495, 517 (S.D.N.Y. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*National Union Fire Insurance Co. of Pittsburgh v. Rite Aid of South Carolina, Inc.*
210 F.3d 246 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*New York Racing Assoc., Inc. v. Meganews, Inc.*
2000 WL 307378 (E.D.N.Y. Mar. 21, 2000, Johnson, J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*New York University v. Continental Ins. Co.*
87 N.Y.2d 308, 639 N.Y.S.2d 283, 662 N.E.2d 763) (1995) . . . . . . . . . . . . . . . . . . . . . . . . 12

*North Triphammer Development Corp. v. Ithaca Associates*
704 F.Supp. 422 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nyack Hosp. v. Empire Blue Cross & Blue Shield*
253 A.D.2d 743, 677 N.Y.S.2d 485 (2d Dept. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Orix Credit Alliance, Inc., v. R.E. Hable Company*
256 A.D.2d 114, 682 N.Y.S.2d 160 (1st Dept. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Pravin Banker Associates, Ltd. v. Banco Popular del Peru*
895 F.Supp. 660 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ragan Henry Broadcast Group, Inc. v. Hughes*
1992 WL 151308 (E.D.Pa. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

(iv)

*Rella V. North Atlantic Marine, Ltd.*
2004 WL 1418021 (S.D.N.Y. June 23, 2004, Lynch. J) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16


*Richbell Information Services v. Jupiter Partners*
765 N.Y.S.2d 575, 309 A.D.2d 288 (1st Dept. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*River Glen Assocs. v. Merrill Lynch Credit Corp.*
295 A.D.2d 274 (1st Dept. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Rockefeller Univ. v. Tishman Constr. Corp. of New York*
240 A.D.2d 341, 659 N.Y.S.2d 460 (1st Dept 1997,
*lv. to appeal denied,* 91 N.Y.2d 803, 668 N.Y.S.2d 558, 691 N.E.2d 630 (1997) . . . . . . . . . . 13

*Rosenblatt v. Christie, Manson & Woods Ltd.*
2005 WL 2649027 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11


*Ross v. A.H. Robins Co.,*
607 F.2d 545 (2d Cir. 1979), *cert. denied,*
446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Schonfeld v. Hilliard*
218 F.3d 164 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Spang Indus., Inc. v. Aetna Casualty and Surety Co.*
512 F.2d 365, 368 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Sphinx Lab v. Empire Blue Cross & Blue Shield*
212 A.D.2d 906, 622 N.Y.S.2d 154 (3d Dept. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Suez Equity Investors, L.P. v. Toronto-Dominion Bank*
250 F.3d 87 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Tesoro Petroleum Corp v. Holborn Oil Co.*
108 A.D.2d 607, 484 N.Y.S.2d 834 (1st Dept. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Tevdorachvili v. The Chase Manhattan Bank*
103 F.Supp.2d 632 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Travelers Indem. Co. v. Household Int'l, Inc.*
775 F.Supp.518 (D.Conn. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*UniCredito Italiano S.P.A. v. J.P. Morgan Chase Bank*
288 F.Supp.2d 485 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Varo v. Alvis PLC*
261 A.D.2d 262, 691 N.Y.S.2d 51 (1st Dept. 1999), *lv. denied*,
95 N.Y.2d 767, 717 N.Y.S.2d 547, 740 N.E.2d 653 (2000) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Wechsler v. Hunt Health Systems, Ltd.*
330 F.Supp.2d 383 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Wolf v. National Council of Young Israel*
694 N.Y.S.2d 424, 264 A.D.2d 416 (2d Dept. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

**References**

6A N.Y. Jur.2d Assignments §8 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6A N.Y. Jur.2d Assignments §9 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6A N.Y. Jur.2d Assignments §10 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes**

Fed R. Civ. Pro. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 14, 15

Fed. R. Civ. Pro. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 7

Fed R. Civ. Pro. 12(b)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

Fed R. Civ. Pro. 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MIRABILIS VENTURES, INC.,           :        Civil Case No. 05-7905 (RCC)

           Plaintiff,          :

        -against-          :

BRENTWOOD CAPITAL CORPORATION    :
and CHARLES J. SPINELLI, individually,

                                     :

           Defendants.
-------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION TO DISMISS THE COMPLAINT
## PURSUANT TO RULES 12(b)(6), 12(b)(7), AND 9(b) OF THE
## FEDERAL RULES OF CIVIL PROCEDURE

Defendants Brentwood Capital Corporation ("Brentwood") and Charles J. Spinelli

("Spinelli") respectfully submit this memorandum of law in support of their motion to dismiss the

complaint pursuant to (i) Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief

can be granted, (ii) Rule 12(b)(7) for failure to join a party needed for just adjudication, and (iii)

Rule 9(b) for failure to plead fraud with the requisite particularity.  In this case, plaintiff Mirabilis

Ventures, Inc. ("Mirabilis") can prove no set of facts in support of any of its claims which would

entitle it to relief, and an order of dismissal should be with prejudice and with costs.

## PRELIMINARY STATEMENT

The gravamen of the complaint is unmistakably tethered to a complex commercial transaction which took place in October 2002 between an entity known as Presidion Solutions, Inc. ("Presidion") and defendant Brentwood involving a credit facility, loans, collateral agreements and the posting of certain letters of credit to facilitate Presidion's business. Mr. Spinelli is correctly identified in the complaint as Brentwood's chief executive officer. However, plaintiff Mirabilis is a total stranger to the underlying commercial transactions and is referred to in the complaint collectively with Presidion as "Plaintiff" by virtue of an alleged assignment of Presidion's claims against Brentwood and Mr. Spinelli.

A careful reading of the complaint reveals each of plaintiff's claims to be fatally infirm and subject to dismissal. Mirabilis has no legal right to assert the claims herein, since the Loan and Collateral Agreements provide in no uncertain terms that they *shall not be assignable by Presidion without Brentwood's consent*. No such consent was ever sought by Presidion or given by Brentwood. Thus, the breach of contract claim must fail based upon the clear and unmistakable terms of the underlying transaction documents. Moreover, Presidion is an indispensable party and the complaint should be dismissed in its absence.

The claims for fraud and fraudulent inducement fail to state a cognizable claim since they are in every respect mere *breach of contract* claims disguised as *fraud*. Conspicuously, the complaint is devoid of any particularity with respect to these claims of fraud and are therefore subject to dismissal under Rule 9(b).

The claims against both Brentwood and Mr. Spinelli for "civil conspiracy" and "conversion" must also fail. Even assuming as true all well-pleaded allegations, the settled law in New York does not recognize a civil conspiracy claim between Brentwood and its chief executive officer, Mr. Spinelli. Nor is the "conversion" claim sustainable since it is duplicative of the breach of contract claim.

## THE COMPLAINT

The facts portrayed as relevant are described in twenty-six thinly pleaded paragraphs, each of which consists of a single sentence. Paragraphs 7 through 9 briefly describe in the most benign terms the interactions between Presidion and Brentwood leading up to the underlying transactions which took place in October 2002.

Paragraphs 10 and 11 identify the underlying promissory note issued by Presidion to Brentwood and the Loan Agreement and Collateral Pledge Agreement also between Presidion and Brentwood.

Paragraphs 12 and 13 describe the commercial letters of credit issued by the Bank of the West which Brentwood provided to Presidion as part of the transaction.

Paragraphs 14 through 17 of the complaint allege Presidion's performance and, in particular, its payment of $2.3 million in the cash collateral escrow account maintained by Brentwood, and the payment of interest and commitment fees to Brentwood as well "for total payments of approximately $3 million by Brentwood."

The complaint makes no allegation whatsoever regarding anything which Mr. Spinelli may have said or represented to Presidion or to anyone else prior to the transaction documents being executed in October 2002. Nor is Mr. Spinelli alleged to be a party to any one of the underlying transaction documents, and the sum total of his connection to Brentwood is succinctly described in paragraph 6 in which he is correctly described as Brentwood's Chief Executive Officer.

A review of the complaint in its entirety shows that plaintiff's only real gripe is that Presidion did not receive the "benefit of the bargain" and now seeks to recover all of the fees and the collateral which they posted to secure Presidion's obligation under the promissory note. While the complaint portrays the letters of credit as having been "forged" and therefore "fraudulent", the true nature of the complaint is that "Presidion had to incur additional expenses to replace the Letters of Credit required by [their insurance carriers]" (Compl. ¶ 20[1]). Indeed, the second *ad damnum* clause seeks "compensatory, consequential and incidental damages" for all five causes of action *in the exact sum which Presidion paid to Brentwood as part of the underlying transaction.*

Following the thinly-pleaded facts set forth in paragraphs 7 through 32, Mirabilis sets forth five boilerplate causes of action purporting to sound in (i) fraud (¶¶33-39); (ii) fraud in the inducement (¶¶40-46); (iii) breach of contract (¶¶47-52); (iv) conversion (¶¶53-55); and (v) civil conspiracy to commit fraud and conversion (¶¶56-60).

---

[1]    "¶¶" refers to paragraphs in the complaint.

The first two claims for fraud are made against both defendants, each alleging that "the foregoing material misrepresentations of fact made by defendants and reasonably relied upon by Plaintiff were false and known to be false when made by the defendants." (¶¶34-41).

The third cause of action seeks recovery for breach of contract against Brentwood based upon the terms of the Note, Loan Agreement and Collateral Agreement. Apparently in recognition of the fact that Mr. Spinelli is not a party to those agreements, the breach of contract claim is made against Brentwood alone. Conspicuously, however, the instruments themselves, while quoted extensively throughout and relied upon by plaintiff to frame its claims, *are not* appended to the pleading.[2]

The fourth cause of action seeks recovery against Brentwood and Mr. Spinelli for conversion. The complaint alleges that pursuant to the underlying transaction documents, substantial funds were paid to Brentwood (¶37), received and deposited by Brentwood (¶37) which failed to respond to Presidion's demand for the return of the funds (¶50). Against this factual back-drop as pleaded in the complaint, Mirabilis claims that "Brentwood and Spinelli have converted to their own use the $2.3 million Cash Collateral and $800,000 in interest and fees."

---

[2]    Remarkably, none of the underlying transaction documents are appended as exhibits to the complaint. While they are quoted from, characterized and relied upon heavily in the complaint, only the letters of credit are included as exhibits. As discussed below, the Court may consider the underlying transaction documents in determining the legal sufficiency of Mirabilis' complaint under Rule 12(b)(6), and defendants will place those documents before the Court as part of the record.

Finally, the fifth cause of action alleges against both defendants a claim "for civil conspiracy to commit fraud and conversion." The essence of this claim is concisely pleaded at paragraphs 57 and 58 of the complaint in which it is alleged that "Spinelli conspired with Brentwood to commit a fraud upon plaintiff" and "also conspired to retain the cash collateral paid by plaintiff."

## POINT I

### THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY

**i.     The Applicable Standards Under a Rule 12(b)(6) motion**

It is well established that this Court "must accept as true all the factual allegations in the complaint" in evaluating its legal sufficiency under Rule 12(b)(6). *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160 (1993). In so doing, all reasonable inferences should be drawn in plaintiff's favor, *Freedom Holdings, Inc. v. Spitzer,* 357 F.3d 205, 216 (2d Cir. 2004), and the complaint should be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) (citations omitted). Based upon this standard, the Court should roundly dismiss the complaint in its entirety.

ii.     **The Underlying Transaction Documents and Related Instruments
        May Be Considered in a Dismissal Motion Without Converting
        it to a Motion for Summary Judgment**

In reviewing a Rule 12(b)(6) motion, the court may consider the allegations in the complaint, exhibits attached to the complaint or incorporated therein by reference, and documents of which plaintiff has notice and on which it relied in bringing its claim or that are integral to its claim. *Cortec Industries v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). A necessary prerequisite for the court's consideration of the document is that a plaintiff relied "on the terms and effect of a document in drafting the complaint." *See Holloway v. King, et. al.*, 2005 U.S.App. LEXIS 29117 (2d Cir. 2005) (Decided December 30, 2005); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Int'l Audiotext Network, Inc. v. Am. Tel & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*)).

Based upon the foregoing, defendants submit copies of the Loan Agreement, Promissory Note, and Collateral Agreement which may properly be considered by the Court on this dismissal motion (See, Levy Aff. Exhibits B, C, and D).

## POINT II

### THE CONTRACT CLAIMS ARE NON-ASSIGNABLE AND THE THIRD CAUSE OF ACTION SHOULD BE DISMISSED

New York law recognizes that provisions in a contract expressly prohibiting assignments are valid and enforceable. *Pravin Banker Associates, Ltd. v. Banco Popular del Peru*, 895 F.Supp. 660 (S.D.N.Y. 1995); *Allhusen v. Caristo Constr. Corp.*, 303 N.Y. 446, 103 N.E.2d 891 (1952); *Macklowe v. 42nd Street Dev't Corp.*, 170 A.D.2d 388, 566 N.Y.S.2d 606, 606-07 (1st Dept.

1991); 6A N.Y. Jur.2d Assignments §8 (2006). A valid clause may also prohibit the assignment of a contract without the written consent of the other party. *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566 (2d Cir. 2005); 6A N.Y.Jur.2d Assignments §10 (2006). So long as the language of a contract provision prohibiting assignments is clear and definite, assignments made in contravention of its terms are void. *See Aetna, supra*; *See also Allhusen, supra*; *Mackowe, supra*; *Sphinx Lab v. Empire Blue Cross & Blue Shield*, 212 A.D.2d 906, 622 N.Y.S.2d 154 (3d Dept. 1995); 6A N.Y. Jur. Assignments § 9 (2006).

Section 9.4 of the Loan Agreement provides that it shall not be assignable by Presidion without Brentwood's consent. Section XIV of the Collateral Agreement states that *"this Agreement may not be assigned by the Pledgor [Presidion]"* . The complaint does not allege, nor could it allege, that Presidion ever contacted Brentwood to request its consent of such an assignment, or that it obtained such consent. Rather, the plaintiff cavalierly concludes that Presidion's claims could be assigned to it despite Presidion's failure to seek Brentwood's consent and despite the clear and unambiguous terms of the Collateral Agreement which expressly prohibit an assignment by Presidion.

Mirabilis has no standing to assert the claim for breach of contract since Presidion had no right to assign the Loan and Collateral Agreements.

-8-

**POINT III**

**MIRABILIS HAS FAILED TO JOIN AN INDISPENSABLE PARTY AND THE COMPLAINT IS SUBJECT TO DISMISSAL UNDER RULE 12(B)(7)**

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that a case will be dismissed if there is an absent party under Rule 19. Pursuant to Rule 19(a)(2), a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or

> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Presidion is as an indispensable party since it entered into the underlying transaction agreements with Brentwood. "A contracting party is the paradigm of an indispensable party." *National Union Fire Insurance Co. of Pittsburgh v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 252 (4th Cir. 2000); *see also Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F.Supp.518, 527 (D.Conn. 1991). "The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." *Global Discount Travel Services, LLC v. Trans World Airlines*, 960 F.Supp. 701 (S.D.N.Y. 1997); *see also E.I. DuPont De Nemours & Co. v. Fine Arts Reproduction Co., Inc.*, 1995 WL 312505, 3 (S.D.N.Y. 1995). Mirabilis' allegations arise from the same essential subject matter as Presidion's rights under

the exact same agreements. The public's interest in "avoiding repeated lawsuits on the same essential subject matter" mandates the finding that Presidion is a necessary party.

Presidion's interest will be practically impaired and impeded by proceeding with this action in its absence. *See Ente Nazionale Idrocarburi v. Prudential Securities Group, Inc.*, 744 F.Supp. 450, 458 (S.D.N.Y. 1990) (holding that absent party is necessary party with "real interests that are clearly at stake in this action" where absent party "has clear rights and affirmative obligations under the contract which [the court] must construe"); *Ragan Henry Broadcast Group, Inc. v. Hughes*, 1992 WL 151308, 2 (E.D.Pa. 1992) (Generally, where rights sued upon arise from a contract, all parties thereto must be joined.").

Finally, because res judicata will not bind Presidion to any interpretation of the underlying transaction agreements, Brentwood is at risk of having another court re-decide its rights and obligations under the Loan and Collateral Agreements. As Presidion is the only party that may assert its contractual rights under the Loan and Collateral Agreements, it must be joined in this action.[3] The failure to join Presidion in this action could subject defendants to a subsequent action by Presidion for the same claims alleged herein. *See Avon Cosmetics (FEBO) Ltd. v. New Hampton, Inc.*, 1991 WL 90808, 4 (S.D.N.Y. 1991) (providing that "the facts and circumstances of the case are such that a judgment rendered in non-party's absence exposes [defendant] to a substantial risk of double liability, or at the very least, a substantial risk of double litigation over the same subject matter. Due to basic principles of res judicata and collateral estoppel the Court cannot shape the

---

[3]     Presidion is a Michigan corporation having its principal place of business there and will not deprive this Court of subject matter jurisdiction as diversity of citizenship remains between the parties.

-10-

relief to reduce or eliminate this risk without [non-party] as a party to the action."). If joinder is not

feasible, the Court should dismiss the action.

**POINT IV**

**THE ALLEGATIONS OF FRAUD AND FRAUD IN THE
INDUCEMENT MUST BE DISMISSED**

**i.     The Fraud Claims Are Duplicative of the Breach of Contract Claim**

It is well settled law in New York that claims for fraud shall not be maintained when

they are merely a restatement of contract claims. *Rosenblatt v. Christie, Manson & Woods Ltd.*, Slip

Copy, 2005 WL 2649027 (S.D.N.Y. 2005), *citing, River Glen Assocs. v. Merrill Lynch Credit Corp.*,

295 A.D.2d 274, 275 (1st Dept. 2002). "[W]hen the alleged fraud is not separate and distinct from

a failure to perform under a contract, the claim is treated as one sounding in contract rather than

tort." *Rosenblatt, supra , citing Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F.Supp. 285,

289 (S.D.N.Y. 1995) (citations omitted); *See also, Varo v. Alvis PLC*, 261 A.D.2d 262, 691

N.Y.S.2d 51 (1st Dept. 1999), *lv. denied*, 95 N.Y.2d 767, 717 N.Y.S.2d 547, 740 N.E.2d 653 (2000),

*citing, J.E. Morgan Knitting Mills, Inc. v. Reeves Bros., Inc.*, 243 A.D.2d 422, 423, 663 N.Y.S.2d

211 (1st Dept. 1997) ("It is thus evident that the claim for fraud does not arise out of collateral facts,

since it 'is based on the same facts as underlie the contact claim and is not collateral to the contract

and no damages are alleged that would not be recoverable under a contract measure of damages").

The same holds true for claims of fraudulent inducement.  *See, e.g., North

Triphammer Development Corp. v. Ithaca Associates*, 704 F.Supp. 422, 427 (S.D.N.Y. 1989) (no

fraud claim stated where defendants fraudulently induced plaintiff to enter into an agreement with

which defendants had no intention of abiding); *Tesoro Petroleum Corp v. Holborn Oil Co.*, 108

-11-

A.D.2d 607, 484 N.Y.S.2d 834, 835 (1st Dept. 1985) (failure to perform promises of future acts is merely a breach of contract to be enforced by an action on the contract), *appeal dismissed* 65 N.Y.2d 637 (1985); *see also Helprin v. Harcourt, Inc.*, 277 F.Supp.2d 327, 335-36 (S.D.N.Y. 2003) (dismissing fraud claim where alleged fraudulent statements consisted only of "purported false representations regarding [defendant's] adherence to the terms of the [contract]"); *Orix Credit Alliance, Inc., v. R.E. Hable Company*, 256 A.D.2d 114, 682 N.Y.S.2d 160 (1st Dept. 1998). *New York University v. Continental Ins. Co.*, 87 N.Y.2d 308, 318, 639 N.Y.S.2d 283, 662 N.E.2d 763) (1995).").

To maintain a claim of fraud in such a situation, a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996); *accord Great Earth Int'l Franchising Corp. v. Milks Dev.*, 311 F.Supp.2d 419, 425 (S.D.N.Y. 2004)

Brentwood and Mr. Spinelli had no legal duty to Presidion other than to perform according to the terms of the Loan and Collateral Agreements.

Nor was the alleged fraud collateral to the contract. Plaintiff's contract claim is merely restated as "fraud"; The unmistakable gravamen of the "fraud" claim is that defendants promised to provide valid letters of credit which they allegedly failed to do. Where a party obligates itself to a payment of money, a representation concerning that party's ability to pay is indivisible from the contract. *Dupont Flooring Sys., Inc. v. Discovery Zone, Inc.*, No. 98 Civ. 5101 (SHS), 2004

-12-

WL 1574629, at 11-12 (S.D.N.Y. July 14, 2004) (holding that a misrepresentation concerning a party's ability to perform a contract "in essence is merely a promise to perform under the contract...and is not actionable in fraud"). A contracting party's representations about its resources "underscore [that party's] purported intention and ability to perform the contract ... [and] are simply part and parcel of the intention to perform." *Crabtree v. Tristar Auto. Group, Inc.*, 776 F.Supp. 155, 163 (S.D.N.Y. 1991); *accord John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, No. 99 Civ. 9905 (SHS), 2001 WL 910405, at 4 (S.D.N.Y. Aug. 13, 2001).

Mirabilis' claims for fraud must be dismissed since it has not plead special damages, but instead seeks damages for fraud in the exact amount it seeks under its claim for breach of contract. *Rockefeller Univ. v. Tishman Constr. Corp. of New York*, 240 A.D.2d 341, 342, 659 N.Y.S.2d 460 (1st Dept 1997, *lv. to appeal denied*, 91 N.Y.2d 803, 668 N.Y.S.2d 558, 691 N.E.2d 630 (1997) (fraudulent misrepresentation claim dismissed as duplicative of breach of contract claim "since the identical contractual benefit of the bargain recovery is sought"). Plaintiff has therefore not satisfied the third prong of the *Bridgestone* rule. Special damages seek to compensate a plaintiff for losses other than the value of the promised performance that are incurred as a result of the defendant's breach. *Schonfeld v. Hilliard*, 218 F.3d 164, 175 (2d Cir. 2000). The award of special damages is limited to recovery of "those injuries which the parties could reasonably have anticipated at the time the contract was entered into." *Tevdorachvili v. The Chase Manhattan Bank*, 103 F.Supp.2d 632, 637 (E.D.N.Y. 2000) (quoting *Spang Indus., Inc. v. Aetna Casualty and Surety Co.*, 512 F.2d 365, 368 (2d Cir. 1975)). Where the damages claimed "do not usually flow from the breach, then it must be established that the special circumstances giving rise to them should reasonably have been anticipated at the time the contract was made." *Tevdorachvili*, 103 F.Supp.2d

at 637. Special damages must be plead with particularity. *See, e.g. Nyack Hosp. v. Empire Blue Cross & Blue Shield*, 253 A.D.2d 743, 677 N.Y.S.2d 485, 485-86 (2d Dept. 1998). Damages of this type and nature are not alleged in the complaint. To the contrary, the recovery for fraud as pleaded by Plaintiff is its precise amount of contract damages.

### ii.    The Fraud Claims Are Not Pled with the Requisite Particularity

To establish fraud, including fraud in the inducement, a party must demonstrate that: (1) the defendant made a knowingly false representation as to a material fact for the purpose of inducing plaintiff to rely on the representation; (2) plaintiff, being ignorant of the true facts, reasonably relied upon the false representations; and (3) defendant was injured thereby. *Clarke v. Max Advisors, LLC*, 235 F.Supp.2d 130, 142 (N.D.N.Y. 2002).

Federal Rule of Civil Procedure 9(b) requires that in all allegations of fraud, the circumstances constituting the fraud must be stated with particularity. *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001). The particulars required are to (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). *See also ABF Capital Management v. Askin Capital Management*, 957 F.Supp. 1308, 1314, 1318 (S.D.N.Y. 1997). The goals of Rule 9(b) are to put a defendant on notice of the claims against him, to protect him from unfounded allegations of fraud, and to reduce the number of strike suits. *Id.* at 1318; *Mills, supra*. "Facts supporting allegations of fraud in a complaint must be specific enough to allow the defendant 'a reasonable opportunity to answer the complaint' and provide the defendant with adequate

information to form a response." *First City Nat. Bank and Trust Co. v. Federal Deposit Ins. Co.*, 730 F.Supp. 501, 513 (E.D.N.Y. 1990) *citing*, *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557-58 (2d Cir.), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).

Based upon the clear language of the underlying transaction documents, any prior representations made by Brentwood or Mr. Spinelli could not be reasonably relied upon. Section 9.6 of the Loan Agreement and Section XI of the Collateral Agreement each contain merger clauses extinguishing all representations made prior to the respective agreements. Furthermore, the complaint does not allege a single "material representation of fact" supposedly made by either Brentwood or Mr. Spinelli. The only "representations and warranties" alluded to in the complaint (¶¶35 and 42) are those which were made by Brentwood in either the Loan agreement or the Collateral agreement. The complaint is silent as to even a single utterance made by Mr. Spinelli, individually, before, as part of, or subsequent to the underlying transactions between Brentwood and Presidion. The first and second causes of action purporting to sound in fraud are utterly devoid of the particularity required under Rule 9(b) and must be dismissed.

## POINT V

## THE ALLEGATIONS OF CONVERSION MUST BE DISMISSED

A conversion claim that merely duplicates a breach of contract claim is not actionable. *Wechsler v. Hunt Health Systems, Ltd.*, 330 F.Supp.2d 383 (S.D.N.Y. 2004); *See also*, *Richbell Information Services v. Jupiter Partners*, 765 N.Y.S.2d 575, 590, 309 A.D.2d 288 (1st Dept. 2003) (upholding dismissal of conversion claim that "satisf[ies] the technical elements of that tort" because it was duplicative of the contract claims); *Wolf v. National Council of Young Israel*, 694

N.Y.S.2d 424, 425, 264 A.D.2d 416 (2d Dept. 1999); 23 N.Y.Jur. Conversion § 20 (2004). "For a conversion claim to succeed in the context of a dispute regarding a contract, the breach of contract must result in some 'wrong' that is separately actionable." *Wechsler, supra, citing Rella v. North Atlantic Marine, Ltd.*, 2004 WL 1418021, at 5 (S.D.N.Y. June 23, 2004, Lynch, J.) (internal quotations omitted).

To determine whether contract and conversion claims are distinct, courts look to the legal authority underlying the claims and the damages claimed in each action. *See Wechsler, supra*; *American Equities Group, Inc. v. Ahava Dairy Prods. Corp.*, 2004 WL 870260, at 16 (S.D.N.Y. Apr. 23. 2004, Sweet, J.); *Fabry's S.R.L. v. IFT Intern., Inc.*, 2003 WL 21203405, at 3 (S.D.N.Y. May 21, 2003) ("A plaintiff must show acts that were unlawful or wrongful as opposed to mere violations of contractual rights."); *New York Racing Assoc., Inc. v. Meganews, Inc.*, 2000 WL 307378, at 5 (E.D.N.Y. Mar. 21, 2000, Johnson, J.) (finding the conversion claim duplicative in part because "it seeks the same damages as are claimed in the contract claim").

Here, the basis for plaintiff's claims of legal ownership of the Cash Collateral arises from the parties' agreements and from the same terms upon which plaintiff asserts his breach of contract claim. The same wrong underlies each cause of action -- *i.e.*, "Defendant Brentwood breached the Note, the Loan Agreement and the Collateral Agreement by providing invalid Letters of Credit and by refusing to return the Cash Collateral after the Letters of Credit when requested by Plaintiff pursuant to sections 3(d) and 3(e) of the Collateral Agreement." (Compl. ¶ 50) Unmistakenly, the conversion claim merely mirrors the breach of contract claim. Moreover, plaintiff seeks the exact measure of damages in both, confirming that the claims are duplicative,

rather than independent causes of action. For these reasons, the fourth cause of action should also be dismissed.

## POINT VI

### THE ALLEGATIONS OF CIVIL CONSPIRACY MUST BE DISMISSED

**I.    Civil Conspiracy Cannot Exist Where There Is No Underlying Actionable Tort**

New York law does not recognize a stand-alone tort of civil conspiracy; a conspiracy claim is only available "if there is evidence of an underlying actionable tort". *Missigman v. USI Northeast Inc.*, 131 F.Supp.2d 495, 517 (S.D.N.Y. 2001). Conspiracy allegations "are permitted only to connect the actions of separate defendants with an otherwise actionable tort." *Alexander & Alexander of New York v. Fritzen*, 68 N.Y.2d 968, 510 N.Y.S.2d 546, 547 (1986).

Inasmuch as plaintiff has failed to state viable claims for fraud and conversion against both defendants, its claims for civil conspiracy must fail as a matter of law.

**ii.    A Corporation Cannot Conspire With Its Officers**

The elements of a civil conspiracy are an agreement between two or more persons, an overt act, an intentional participation in the furtherance of a plan or purpose, and resulting damage. *UniCredito Italiano S.P.A. v. J.P. Morgan Chase Bank*, 288 F.Supp.2d 485, 504 (S.D.N.Y. 2003). The complaint plainly omits the critical element of conspiracy – an agreement between two or more persons.

-17-

The statutory requirement that two or more persons be involved in order to establish a conspiracy cannot be satisfied if the two "persons" are a corporation and its agent. Together, both are viewed as a single legal entity. *See Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66, 70 (2d Cir. 1976), *cert. denied*, 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976) (conspiracy claim dismissed where plaintiff did not allege acts in any other capacity than role of director); *See also*, *Agugliaro v. Brooks Brothers, Inc.*, 802 F.Supp. 956 (S.D.N.Y. 1992).   This rule holds especially true where, as here,  the officers are alleged to be acting within the scope of their employment. *Hermann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978), *cert. denied*, 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978).

The Letters of Credit, the Note, the Loan Agreement and the Collateral Agreement were drafted and entered into by Brentwood through Mr. Spinelli solely in his capacity as Chief Executive Officer.  Any claim of conspiracy as between Brentwood and Mr. Spinelli must fail as a matter of law.

## CONCLUSION

In view of the foregoing, and based upon the points and authorities cited herein, defendants respectfully urge that the Complaint is legally insufficient, and the motion to dismiss should be granted in its entirety.

Dated: May 31, 2006
      New York, New York

LEVY & BOONSHOFT, P.C.

By: _____
     DAVID M. LEVY (DML 7255)
     Attorneys for Defendants
     477 Madison Avenue
     New York, New York  10022
     (212) 751-1414

N:\BRENTWOOD\MIRABILIS\MOL SUPPORT MOTION TO DISMISS 5-19-06.wpd