UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PRESIDION SOLUTIONS, INC.,          :      Civil Case No. 05-7905 (RCC)

          Plaintiff,         :

      -against-          :

BRENTWOOD CAPITAL CORPORATION  :
and CHARLES J. SPINELLI, individually,

             :

          Defendants.
------------------------------------------------------------x

## DEFENDANTS BRENTWOOD CAPITAL CORPORATION AND CHARLES J. SPINELLI'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(6), 12(b)(7), AND 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (ii)

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    The Original Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    The Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    POINT I         The Amended Complaint Should be Dismissed in its Entirety . . . . . . . . . 6

    POINT II       Presidion has Failed to Join an Indispensable Party and the
                    Amended Complaint is Subject to Dismissal Under Rule 12(b)(7) . . . . . . 7

    POINT III      The Allegations of Fraud and Fraud in the Inducement
                    Must be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                i.       The Fraud Claims are Duplicative of the
                        Breach of Contract Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                ii.      The Fraud Claims are not Pled with the
                        Requisite Particularity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    POINT IV      The Allegations of Conversation Must be Dismissed . . . . . . . . . . . . . . . 14

    POINT V       The Allegations of Civil Conspiracy Must be Dismissed
                    where there is no Underlying Actionable Tort . . . . . . . . . . . . . . . . . . . . 15

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Table of Authorities**

*ABF Capital Management v. Askin Capital Management*
957 F.Supp. 1308 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*
1997 WL 97837 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Alexander & Alexander of New York v. Fritzen*
68 N.Y.2d 968, 510 N.Y.S.2d 546 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Avon Cosmetics (FEBO) Ltd. v. New Hampton, Inc.*
1991 WL 90808, 4 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*
369 F.3d 212 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*
98 F.3d 13 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Business Incentives Co. v. Sony Corp. of America*
397 F.Supp. 63 (S.D.N.Y. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Clarke v. Max Advisors, LLC*
235 F.Supp.2d 130 (N.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Conley v. Gibson*
355 U.S. 41, 78 S. Ct. 99 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Crabtree v. Tristar Auto. Group, Inc.*
776 F.Supp. 155 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Dupont Flooring Sys., Inc. v. Discovery Zone, Inc.*
2004 WL 1574629 (S.D.N.Y. July 14, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*E.I. DuPont De Nemours & Co. v. Fine Arts Reproduction Co., Inc.*
1995 WL 312505 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ente Nazionale Idrocarburi v. Prudential Securities Group, Inc.*
744 F.Supp. 450 (S.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Fabry's S.R.L. v. IFT Intern., Inc.*
2003 WL 21203405, at 3 (S.D.N.Y. May 21, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*First City Nat. Bank and Trust Co. v. Federal Deposit Ins. Co.*
730 F.Supp. 501 (E.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Freedom Holdings, Inc. v. Spitzer*
357 F.3d 205 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Global Discount Travel Services, LLC v. Trans World Airlines*
960 F.Supp. 701 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Goldman v. Belden*
754 F.2d 1059 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Great Earth Int'l Franchising Corp. v. Milks Dev.*
311 F.Supp.2d 419, 425 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Helprin v. Harcourt, Inc.*
277 F.Supp.2d 327 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*J.E. Morgan Knitting Mills, Inc. v. Reeves Bros., Inc.*
243 A.D.2d 422, 663 N.Y.S.2d 211 (1st Dept. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*John Paul Mitchell Sys. v. Quality King Distribs., Inc.*
2001 WL 910405 (S.D.N.Y. Aug. 13, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*
507 U.S. 163, 113 S. Ct. 1160 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mills v. Polar Molecular Corp.*
12 F.3d 1170 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Missigman v. USI Northeast Inc.*
131 F.Supp.2d 495, 517 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

National Union Fire Insurance Co. of Pittsburgh v. Rite Aid of South Carolina, Inc.
210 F.3d 246 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*New York Racing Assoc., Inc. v. Meganews, Inc.*
2000 WL 307378 (E.D.N.Y. Mar. 21, 2000, Johnson, J.) . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

(iii)

*New York University v. Continental Ins. Co.*
87 N.Y.2d 308, 639 N.Y.S.2d 283, 662 N.E.2d 763) (1995) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*North Triphammer Development Corp. v. Ithaca Associates*
704 F.Supp. 422 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Nyack Hosp. v. Empire Blue Cross & Blue Shield*
253 A.D.2d 743, 677 N.Y.S.2d 485 (2d Dept. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Orix Credit Alliance, Inc., v. R.E. Hable Company*
256 A.D.2d 114, 682 N.Y.S.2d 160 (1ˢᵗ Dept. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ragan Henry Broadcast Group, Inc. v. Hughes*
1992 WL 151308 (E.D.Pa. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*
893 F.Supp. 285 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ricciuti v. New York City Transit Auth.*
1991 WL 221110 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Richbell Information Services v. Jupiter Partners*
765 N.Y.S.2d 575, 309 A.D.2d 288 (1ˢᵗ Dept. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*River Glen Assocs. v. Merrill Lynch Credit Corp.*
295 A.D.2d 274 (1ˢᵗ Dept. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rockefeller Univ. v. Tishman Constr. Corp. of New York*
240 A.D.2d 341, 342, 659 N.Y.S.2d 460 (1ˢᵗ Dept 1997)
*lv. to appeal denied*, 91 N.Y.2d 803, 668 N.Y.S.2d 558, 691 N.E.2d 630 (1997) . . . . . . . . . . 11

*Rosenblatt v. Christie, Manson & Woods Ltd.*
Slip Copy, 2005 WL 2649027 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ross v. A.H. Robins Co.*
607 F.2d 545, 557-58 (2d Cir.), *cert. denied*
446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Schonfeld v. Hilliard*
218 F.3d 164 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

(iv)

*Spang Indus., Inc. v. Aetna Casualty and Surety Co.*
512 F.2d 365 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Suez Equity Investors, L.P. v. Toronto-Dominion Bank*
250 F.3d 87 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Tesoro Petroleum Corp v. Holborn Oil Co.*
108 A.D.2d 607, 484 N.Y.S.2d 834 (1st Dept. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Tevdorachvili v. The Chase Manhattan Bank*
103 F.Supp.2d 632 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Travelers Indem. Co. v. Household Int'l, Inc.*
775 F.Supp.518 (D.Conn. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Varo v. Alvis PLC*
261 A.D.2d 262, 691 N.Y.S.2d 51 (1st Dept. 1999), *lv. denied,*
95 N.Y.2d 767, 717 N.Y.S.2d 547, 740 N.E.2d 653 (2000) . . . . . . . . . . . . . . . . . . . . . . 9

*Wechsler v. Hunt Health Systems, Ltd.*
330 F.Supp.2d 383 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Wolf v. National Council of Young Israel*
694 N.Y.S.2d 424, 264 A.D.2d 416 (2d Dept. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## References

23 N.Y.Jur. Conversion § 20 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## Statutes

Fed. R. Civ. Pro 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

Fed. R. Civ. Pro 12(b)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2,7

Fed. R. Civ. Pro 19(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. Pro 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 12,13,14

(v)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

PRESIDION SOLUTIONS, INC.,                    :        Civil Case No. 05-7905 (RCC)

                        Plaintiff,             :

              -against-                         :

BRENTWOOD CAPITAL CORPORATION                  :
and CHARLES J. SPINELLI, individually, and
O. RAY MCCARTHA, individually

                                               :

                        Defendants.

---------------------------------------------------------------x


### DEFENDANTS BRENTWOOD CAPITAL CORPORATION AND CHARLES J. SPINELLI'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(6), 12(b)(7), AND 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants Brentwood Capital Corporation ("Brentwood") and Charles J. Spinelli ("Spinelli") respectfully submit this memorandum of law in support of their motion to dismiss the first amended complaint pursuant to (i) Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted, (ii) Rule 12(b)(7) for failure to join a party needed for just adjudication, and (iii) Rule 9(b) for failure to plead fraud with the requisite particularity. In this case, plaintiff Presidion Solutions, Inc. ("Presidion") can prove no set of facts in support of any of its claims which would entitle it to relief, and an order of dismissal should be with prejudice and with costs.

## PRELIMINARY STATEMENT

### The Original Complaint

The original complaint was filed in September 2005 by Mirabilis Ventures, Inc. ("Mirabilis"), rather than Presidion.[1] The gravamen of the original complaint, like this first amended complaint, is unmistakably tethered to a complex commercial transaction which took place in October 2002 between Presidion and defendant Brentwood involving a credit facility, loans, collateral agreements and the posting of certain letters of credit to facilitate Presidion's business. Mirabilis is referred to in the original complaint collectively with Presidion as "Plaintiff" by virtue of an alleged assignment of Presidion's claims against Brentwood and Mr. Spinelli.  Remarkably, Presidion makes no reference to this assignment in its first amended complaint, nor does it allege the termination of said assignment.[2]

Defendants thereafter made a motion to dismiss the original complaint in its entirety. Rather than oppose the motion, plaintiff filed the amended complaint, substituting Presidion for Mirabilis as the nominal plaintiff. The allegations of the amended complaint remain almost entirely unaltered from those set forth in the original complaint. In fact, the requests for relief are identical.

---

[1]    The original complaint is annexed to the Weintraub affidavit as Exhibit A. The court may consider the allegations of the original complaint without converting the motion to one for summary judgment, inasmuch as the original complaint remains a matter of public record and subject to judicial notice.  *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (complaints filed in State court).

[2]    Since Mirabilis is the assignee of Presidion's claims against Brentwood and Spinelli, it is also an indispensable party to this action which renders the amended complaint subject to dismissal under Fed. R. Civ. P. Rule 12(b)(7).  *See,* Point II, *infra.*

## THE AMENDED COMPLAINT

A careful reading of the amended complaint reveals each of plaintiff's claims to be fatally infirm and subject to dismissal. At the outset, Mirabilis is unmistakenly an indispensable party which warrants dismissal in its absence.

The claims for fraud and fraudulent inducement fail to state a cognizable claim since they are in every respect mere *breach of contract* claims disguised as *fraud*. Conspicuously, the amended complaint is devoid of any particularity with respect to these claims of fraud and are therefore subject to dismissal under Rule 9(b).

The claims against both Brentwood and Mr. Spinelli for "conversion" and "civil conspiracy" must also fail. The "conversion" claim is not sustainable since it is duplicative of the breach of contract claim, and the conspiracy claim must be dismissed since there are no cognizable claims in either fraud or conversion.

The facts portrayed as relevant are described in twenty-six thinly pleaded paragraphs, each of which consists of a single sentence. Paragraphs 8 through 10 briefly describe in the most benign terms the interactions between Presidion and Brentwood leading up to the underlying transactions which took place in October 2002.

Paragraphs 11 and 12 identify the underlying promissory note issued by Presidion to Brentwood and the Loan Agreement and Collateral Pledge Agreement also between Presidion and Brentwood.

-3-

Paragraphs 13 and 14 describe the commercial letters of credit issued by the Bank of the West which Brentwood provided to Presidion as part of the transaction.

Paragraphs 15 through 18 of the amended complaint allege Presidion's performance and, in particular, its payment of $2.3 million in the cash collateral escrow account maintained by Brentwood, and the payment of interest and commitment fees to Brentwood as well "for total payments of approximately $3 million received by Brentwood."

The amended complaint makes no allegation whatsoever regarding anything which Mr. Spinelli may have said or represented to Presidion or to anyone else prior to the transaction documents being executed in October 2002. Nor is Mr. Spinelli alleged to be a party to any one of the underlying transaction documents, and the sum total of his connection to Brentwood is succinctly described in paragraph 6 in which he is correctly described as Brentwood's Chief Executive Officer.

A review of the amended complaint in its entirety shows that plaintiff's only real gripe is that Presidion did not receive the "benefit of the bargain" and now seeks to recover all of the fees and the collateral which they posted to secure Presidion's obligation under the promissory note. While the amended complaint portrays the letters of credit as having been "forged" and therefore "fraudulent", the true nature of the amended complaint is that "Presidion had to incur additional expenses to replace the Letters of Credit required by [their insurance carriers]" (Compl. ¶ 22[3]). Indeed, the second *ad damnum* clause seeks "compensatory, consequential and incidental

---

[3]    "¶¶" refers to paragraphs in the amended complaint.

damages" for all five causes of action *in the exact sum which Presidion paid to Brentwood as part of the underlying transaction.*

Following the thinly-pleaded facts set forth in paragraphs 8 through 32, Presidion sets forth five boilerplate causes of action purporting to sound in (I) fraud (¶¶33-39); (ii) fraud in the inducement (¶¶40-46); (iii) breach of contract (¶¶47-52); (iv) conversion (¶¶53-55); and (v) civil conspiracy to commit fraud and conversion (¶¶56-60).

The first claim for fraud is made against all the defendants and the second claim for fraud in the inducement is made against Mr. Spinelli and Brentwood. Each claim alleges that "the foregoing material misrepresentations of fact made by defendants and reasonably relied upon by Plaintiff were false and known to be false when made by the defendants." (¶¶34-41).

The third cause of action seeks recovery for breach of contract against Brentwood based upon the terms of the Note, Loan Agreement and Collateral Agreement. Apparently in recognition of the fact that Mr. Spinelli is not a party to those agreements, the breach of contract claim is made against Brentwood alone.

The fourth cause of action seeks recovery against all the defendants for conversion. The amended complaint alleges that pursuant to the underlying transaction documents, substantial funds were paid to Brentwood (¶37), received and deposited by Brentwood (¶37) which failed to respond to Presidion's demand for the return of the funds (¶¶ 50-54). Against this factual back- drop as pleaded in the amended complaint, Mirabilis claims that "Brentwood and Spinelli have converted to their own use the $2.3 million Cash Collateral and $800,000 in interest and fees."

Finally, the fifth cause of action alleges against both defendants a claim "for civil conspiracy to commit fraud and conversion." The essence of this claim is concisely pleaded at paragraphs 57 and 58 of the amended complaint in which it is alleged that "Spinelli conspired with Brentwood to commit a fraud upon plaintiff" and "also conspired to retain the cash collateral paid by plaintiff."

POINT I

**THE AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY**[4]

It is well established that this Court "must accept as true all the factual allegations in the complaint" in evaluating its legal sufficiency under Rule 12(b)(6). *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160 (1993). In so doing, all reasonable inferences should be drawn in plaintiff's favor, *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004), and the complaint should be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059,

---

[4]     As set forth below, defendants Spinelli and Brentwood seek the dismissal of the amended complaint in its entirety since Presidion has failed to join an indispensable party. However, the third cause of action for breach of contact is not specifically addressed in this motion. This Court has determined that making a partial Rule 12 motion tolls the time for serving a responsive pleading to the unchallenged counts. *See Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*, 1997 WL 97837 (S.D.N.Y. 1997); *Ricciuti v. New York City Transit Auth.*, 1991 WL 221110 (S.D.N.Y. 1991); *Business Incentives Co. v. Sony Corp. of America*, 397 F.Supp. 63 (S.D.N.Y. 1975). Accordingly, Spinelli and Brentwood are not required to respond directly to the contract claim until a decision is issued on this motion.

1067 (2d Cir. 1985) (citations omitted).  Based upon this standard, the Court should roundly dismiss the amended complaint in its entirety.

## POINT II

### PRESIDION HAS FAILED TO JOIN AN INDISPENSABLE PARTY AND THE AMENDED COMPLAINT IS SUBJECT TO DISMISSAL UNDER RULE 12(b)(7)

In its original complaint, Mirabilis alleged that it was a real party in interest since it was the assignee of Presidion's claims. In fact, Mirabilis referred to itself and Presidion collectively as "Plaintiff" (original complaint, ¶4).  There is no mention in the amended complaint that the assignment had been terminated or revoked, so it must be assumed that Mirabilis remains the assignee of Presidion's claims.

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that a case will be dismissed if there is an absent party under Rule 19.  Pursuant to Rule 19(a)(2), a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Presidion's allegations arise from the same essential subject matter as Mirabilis's rights as assignee under the exact same agreements. "A contracting party is the paradigm of an indispensable party." *National Union Fire Insurance Co. of Pittsburgh v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 252, (4th Cir. 2000); *see also Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F.Supp. 518, 527 (D. Conn. 1991). "The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." *Global Discount Travel Services, LLC v. Trans World Airlines*, 960 F.Supp. 701 (S.D.N.Y. 1997); *see also E.I. DuPont De Nemours & Co. v. Fine Arts Reproduction Co., Inc.*, 1995 WL 312505, 3 (S.D.N.Y. 1995). The public's interest in "avoiding repeated lawsuits on the same essential subject matter" mandates the finding that Mirabilis is a necessary party.

Mirabilis' interest will be practically impaired and impeded by proceeding with this action in its absence. *See Ente Nazionale Idrocarburi v. Prudential Securities Group, Inc.*, 744 F.Supp. 450, 458 (S.D.N.Y. 1990) (holding that absent party is necessary party with "real interests that are clearly at stake in this action" where absent party "has clear rights and affirmative obligations under the contract which [the court] must construe"); *Ragan Henry Broadcast Group, Inc. v. Hughes*, 1992 WL 151308, 2 (E.D.Pa. 1992) (Generally, where rights sued upon arise from a contract, all parties thereto must be joined.").

Finally, because res judicata will not bind Mirabilis to any interpretation of the underlying transaction agreements, Brentwood is at risk of having another court re-decide its rights and obligations under the Loan and Collateral Agreements or with respect to the other tort claims. The failure to join Mirabilis in this action could subject defendants to a subsequent action by

-8-

Mirabilis for the same contract and tort claims alleged herein. *See Avon Cosmetics (FEBO) Ltd. v. New Hampton, Inc.*, 1991 WL 90808, 4 (S.D.N.Y. 1991) (providing that "the facts and circumstances of the case are such that a judgment rendered in non-party's absence exposes [defendant] to a substantial risk of double liability, or at the very least, a substantial risk of double litigation over the same subject matter. Due to basic principles of res judicata and collateral estoppel the Court cannot shape the relief to reduce or eliminate this risk without [non-party] as a party to the action."). If joinder is not feasible, the Court should dismiss the action.

## POINT III

### THE ALLEGATIONS OF FRAUD AND FRAUD IN THE INDUCEMENT MUST BE DISMISSED

**I.    The Fraud Claims Are Duplicative of the Breach of Contract Claim**

It is well settled law in New York that claims for fraud shall not be maintained when they are merely a restatement of contract claims. *Rosenblatt v. Christie, Manson & Woods Ltd.*, Slip Copy, 2005 WL 2649027 (S.D.N.Y. 2005), *citing, River Glen Assocs. v. Merrill Lynch Credit Corp.*, 295 A.D.2d 274, 275 (1st Dept. 2002). "[W]hen the alleged fraud is not separate and distinct from a failure to perform under a contract, the claim is treated as one sounding in contract rather than tort." *Rosenblatt, supra*, *citing Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F.Supp. 285, 289 (S.D.N.Y. 1995) (citations omitted); *See also, Varo v. Alvis PLC*, 261 A.D.2d 262, 691 N.Y.S.2d 51 (1st Dept. 1999), *lv. denied*, 95 N.Y.2d 767, 717 N.Y.S.2d 547, 740 N.E.2d 653 (2000), *citing, J.E. Morgan Knitting Mills, Inc. v. Reeves Bros., Inc.*, 243 A.D.2d 422, 423, 663 N.Y.S.2d 211 (1st Dept. 1997) ("It is thus evident that the claim for fraud does not arise out of collateral facts,

since it 'is based on the same facts as underlie the contact claim and is not collateral to the contract and no damages are alleged that would not be recoverable under a contract measure of damages").

The same holds true for claims of fraudulent inducement. *See, e.g., North Triphammer Development Corp. v. Ithaca Associates*, 704 F.Supp. 422, 427 (S.D.N.Y. 1989) (no fraud claim stated where defendants fraudulently induced plaintiff to enter into an agreement with which defendants had no intention of abiding); *Tesoro Petroleum Corp v. Holborn Oil Co.*, 108 A.D.2d 607, 484 N.Y.S.2d 834, 835 (1st Dept. 1985) (failure to perform promises of future acts is merely a breach of contract to be enforced by an action on the contract), *appeal dismissed* 65 N.Y.2d 637 (1985); *see also Helprin v. Harcourt, Inc.*, 277 F.Supp.2d 327, 335-36 (S.D.N.Y. 2003) (dismissing fraud claim where alleged fraudulent statements consisted only of "purported false representations regarding [defendant's] adherence to the terms of the [contract]"); *Orix Credit Alliance, Inc., v. R.E. Hable Company*, 256 A.D.2d 114, 682 N.Y.S.2d 160 (1st Dept. 1998). *New York University v. Continental Ins. Co.*, 87 N.Y.2d 308, 318, 639 N.Y.S.2d 283, 662 N.E.2d 763) (1995).").

To maintain a claim of fraud in such a situation, a plaintiff must either: (I) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996); *accord Great Earth Int'l Franchising Corp. v. Milks Dev.*, 311 F.Supp.2d 419, 425 (S.D.N.Y. 2004).

Brentwood and Mr. Spinelli had no legal duty to Presidion other than to perform according to the terms of the Loan and Collateral Agreements.

Nor was the alleged fraud collateral to the contract. Plaintiff's contract claim is merely restated as "fraud." The unmistakable gravamen of the "fraud" claim is that defendants promised to provide valid letters of credit which they allegedly failed to do. Where a party obligates itself to a payment of money, a representation concerning that party's ability to pay is indivisible from the contract. *Dupont Flooring Sys., Inc. v. Discovery Zone, Inc.*, No. 98 Civ. 5101 (SHS), 2004 WL 1574629, at 11-12 (S.D.N.Y. July 14, 2004) (holding that a misrepresentation concerning a party's ability to perform a contract "in essence is merely a promise to perform under the contract...and is not actionable in fraud"). A contracting party's representations about its resources "underscore [that party's] purported intention and ability to perform the contract ... [and] are simply part and parcel of the intention to perform." *Crabtree v. Tristar Auto. Group, Inc.*, 776 F.Supp. 155, 163 (S.D.N.Y. 1991); *accord John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, No. 99 Civ. 9905 (SHS), 2001 WL 910405, at 4 (S.D.N.Y. Aug. 13, 2001).

Presidion's claims for fraud must be dismissed since it has not plead special damages, but instead seeks damages for fraud in the exact amount it seeks under its claim for breach of contract. *Rockefeller Univ. v. Tishman Constr. Corp. of New York*, 240 A.D.2d 341, 342, 659 N.Y.S.2d 460 (1st Dept 1997, *lv. to appeal denied*, 91 N.Y.2d 803, 668 N.Y.S.2d 558, 691 N.E.2d 630 (1997) (fraudulent misrepresentation claim dismissed as duplicative of breach of contract claim "since the identical contractual benefit of the bargain recovery is sought"). Plaintiff has therefore not satisfied the third prong of the *Bridgestone* rule. Special damages seek to compensate a plaintiff

for losses other than the value of the promised performance that are incurred as a result of the defendant's breach. *Schonfeld v. Hilliard*, 218 F.3d 164, 175 (2d Cir. 2000). The award of special damages is limited to recovery of "those injuries which the parties could reasonably have anticipated at the time the contract was entered into." *Tevdorachvili v. The Chase Manhattan Bank*, 103 F.Supp.2d 632, 637 (E.D.N.Y. 2000) (quoting *Spang Indus., Inc. v. Aetna Casualty and Surety Co.*, 512 F.2d 365, 368 (2d Cir. 1975)). Where the damages claimed "do not usually flow from the breach, then it must be established that the special circumstances giving rise to them should reasonably have been anticipated at the time the contract was made." *Tevdorachvili*, 103 F.Supp.2d at 637. Special damages must be plead with particularity. *See, e.g. Nyack Hosp. v. Empire Blue Cross & Blue Shield*, 253 A.D.2d 743, 677 N.Y.S.2d 485, 485-86 (2d Dept. 1998). Damages of this type and nature are not alleged in the amended complaint. To the contrary, the recovery for fraud as pleaded by Plaintiff is its precise amount of contract damages.

## ii.    The Fraud Claims Are Not Pled with the Requisite Particularity

To establish fraud, including fraud in the inducement, a party must demonstrate that: (1) the defendant made a knowingly false representation as to a material fact for the purpose of inducing plaintiff to rely on the representation; (2) plaintiff, being ignorant of the true facts, reasonably relied upon the false representations; and (3) defendant was injured thereby. *Clarke v. Max Advisors, LLC*, 235 F.Supp.2d 130, 142 (N.D.N.Y. 2002).

Federal Rule of Civil Procedure 9(b) requires that in all allegations of fraud, the circumstances constituting the fraud must be stated with particularity. *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001). The particulars required are to (1)

-12-

specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).    *See also ABF Capital Management v. Askin Capital Management*, 957 F.Supp. 1308, 1314, 1318 (S.D.N.Y. 1997).   The goals of Rule 9(b) are to put a defendant on notice of the claims against him, to protect him from unfounded allegations of fraud, and to reduce the number of strike suits. *Id.* at 1318; *Mills, supra.* "Facts supporting allegations of fraud in a complaint must be specific enough to allow the defendant 'a reasonable opportunity to answer the complaint' and provide the defendant with adequate information to form a response." *First City Nat. Bank and Trust Co. v. Federal Deposit Ins. Co.*, 730 F.Supp. 501, 513 (E.D.N.Y. 1990) *citing, Ross v. A.H. Robins Co.*, 607 F.2d 545, 557-58 (2d Cir.), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).

        Based upon the clear language of the underlying transaction documents, any prior representations made by Brentwood or Mr. Spinelli could not be reasonably relied upon.  Section 9.6 of the Loan Agreement and Section XI of the Collateral Agreement each contain merger clauses extinguishing all representations made prior to the respective agreements.  Furthermore, the amended complaint does not allege a single "material representation of fact" supposedly made by either Brentwood or Mr. Spinelli.  The only "representations and warranties" alluded to in the amended complaint (¶¶35 and 42) are those which were made by Brentwood in either the Loan agreement or the Collateral agreement.  The amended  complaint is silent as to even a single utterance made by Mr. Spinelli, individually, before, as part of, or subsequent to the underlying transactions between Brentwood and Presidion.  The first and second causes of action purporting

to sound in fraud are utterly devoid of the particularity required under Rule 9(b) and must be dismissed.

## POINT IV

## THE ALLEGATIONS OF CONVERSION MUST BE DISMISSED

A conversion claim that merely duplicates a breach of contract claim is not actionable. *Wechsler v. Hunt Health Systems, Ltd.*, 330 F.Supp.2d 383 (S.D.N.Y. 2004); *See also, Richbell Information Services v. Jupiter Partners*, 765 N.Y.S.2d 575, 590, 309 A.D.2d 288 (1st Dept. 2003) (upholding dismissal of conversion claim that "satisf[ies] the technical elements of that tort" because it was duplicative of the contract claims); *Wolf v. National Council of Young Israel*, 694 N.Y.S.2d 424, 425, 264 A.D.2d 416 (2d Dept. 1999); 23 N.Y.Jur. Conversion § 20 (2004). "For a conversion claim to succeed in the context of a dispute regarding a contract, the breach of contract must result in some 'wrong' that is separately actionable." *Wechsler, supra, citing Rella v. North Atlantic Marine, Ltd.*, 2004 WL 1418021, at 5 (S.D.N.Y. June 23, 2004, Lynch, J.) (internal quotations omitted).

To determine whether contract and conversion claims are distinct, courts look to the legal authority underlying the claims and the damages claimed in each action. *See Wechsler, supra; American Equities Group, Inc. v. Ahava Dairy Prods. Corp.*, 2004 WL 870260, at 16 (S.D.N.Y. Apr. 23. 2004, Sweet, J.); *Fabry's S.R.L. v. IFT Intern., Inc.*, 2003 WL 21203405, at 3 (S.D.N.Y. May 21, 2003) ("A plaintiff must show acts that were unlawful or wrongful as opposed to mere violations of contractual rights."); *New York Racing Assoc., Inc. v. Meganews, Inc.*, 2000 WL 307378, at 5

(E.D.N.Y. Mar. 21, 2000, Johnson, J.) (finding the conversion claim duplicative in part because "it seeks the same damages as are claimed in the contract claim").

Here, the basis for plaintiff's claims of legal ownership of the Cash Collateral arises from the parties' agreements and from the same terms upon which plaintiff asserts his breach of contract claim. The same wrong underlies each cause of action -- *i.e.*, "Defendant Brentwood breached the Note, the Loan Agreement and the Collateral Agreement by providing invalid Letters of Credit and by refusing to return the Cash Collateral after the Letters of Credit when requested by Plaintiff pursuant to sections 3(d) and 3(e) of the Collateral Agreement." (Compl. ¶ 50) Unmistakenly, the conversion claim merely mirrors the breach of contract claim. Moreover, plaintiff seeks the exact measure of damages in both, confirming that the claims are duplicative, rather than independent causes of action. For these reasons, the fourth cause of action should also be dismissed.

## POINT V

### THE ALLEGATIONS OF CIVIL CONSPIRACY MUST BE DISMISSED WHERE THERE IS NO UNDERLYING ACTIONABLE TORT

New York law does not recognize a stand-alone tort of civil conspiracy; a conspiracy claim is only available "if there is evidence of an underlying actionable tort". *Missigman v. USI Northeast Inc.*, 131 F.Supp.2d 495, 517 (S.D.N.Y. 2001). Conspiracy allegations "are permitted only to connect the actions of separate defendants with an otherwise actionable tort." *Alexander & Alexander of New York v. Fritzen*, 68 N.Y.2d 968, 510 N.Y.S.2d 546, 547 (1986).

Inasmuch as plaintiff has failed to state viable claims for fraud and conversion, its claims for civil conspiracy must fail as a matter of law.

## CONCLUSION

In view of the foregoing, and based upon the points and authorities cited herein, defendants respectfully urge that the amended complaint is legally insufficient, and the motion to dismiss should be granted in its entirety.

Dated: July 7, 2006
      New York, New York

                          LEVY & BOONSHOFT, P.C.

                          By: _____
                              YOSEF Y. WEINTRAUB (YW 3541)
                              Attorneys for Defendants
                              477 Madison Avenue
                              New York, New York  10022
                              (212) 751-1414

-16-