UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:  05 CV 7905
Judge Casey
*This document has been electronically filed with
NYSD ECF*.

PRESIDION SOLUTIONS, INC.,

      Plaintiff,

vs.

BRENTWOOD CAPITAL CORPORATION
and CHARLES J. SPINELLI, individually,
and O. RAY MCCARTHA, individually,

      Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

**BERMAN, KEAN & RIGUERA, P.A.**
Attorneys for Plaintiff
2101 W. Commercial Blvd.
Suite 2800
Fort Lauderdale, FL 33309
Telephone: (954) 735-0000
Facsimile: (954) 735-3636

Presidion v. Brentwood Capital & Spinelli
Case No.: 05 CV 7905

## **TABLE OF CONTENTS**

**Page No.**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MEMORANDUM OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.      LEGAL STANDARD FOR MOTION TO DISMISS . . . . . . . . . . . . . . . . . . 4

    II.     PLAINTIFF HAS JOINED ALL NECESSARY PARTIES . . . . . . . . . . . . . 5

    III.    PLAINTIFF'S FRAUD CLAIMS ARE PLED WITH THE
         REQUIRED SPECIFICITY AND ITS FRAUD AND CONVERSION
         CLAIMS ARE NOT DUPLICATIVE OF PLAINTIFF'S BREACH
         OF CONTRACT CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    IV.    PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY IS BASED
         UPON FRAUD AND CONVERSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Presidion v. Brentwood Capital & Spinelli
Case No.:  05 CV 7905

<u>**TABLE OF AUTHORITIES**</u>

**<u>Page</u>**

<u>**Cases**</u>

*Aetna Cas. and Sur Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566 (2d Cir. 2005)  . . . . . . . . . . 5

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996)  . . . . 6

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>**Federal Rules of Civil Procedure**</u>

Fed.R.Civ.P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,6

Fed.R.Civ.P. 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed.R.Civ.P. 12(b)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,5

-ii-
**<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND</u>**

## MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff  PRESIDION  SOLUTIONS, INC ("Plaintiff") by and through its undersigned counsel, hereby responds and opposes Defendants BRENTWOOD CAPITAL CORPORATION and CHARLES J. SPINELLI (collectively "Defendants") motion to dismiss the Amended Complaint against the Defendants for failure to state a claim for which relief may be granted pursuant to Federal Rule 12 (b)(6); for failure to join a party needed for just adjudication pursuant to Rule 12(b)(7) and for failure to plead fraud with particularity pursuant to Rule 9(b), and as grounds therefore, states and alleges as follows:

## INTRODUCTION

Defendants' motion to dismiss Plaintiff's Amended Complaint should be denied in its entirety. Defendants argue that 1.) the entire Amended Complaint should be dismissed because Plaintiff has failed to join a necessary party; 2.)  that the fraud claims and the conversion claim should be dismissed because they are duplicative of the breach of contract claims or, in the alternative, that the fraud and conversion claims were not plead with the requisite particularity; and 3.) that because the fraud and conversion claims should be dismissed, that there can be no claim for conspiracy because there is no independent tort.  As Plaintiff will demonstrate below, none of these arguments have any merit and Defendants' motion to dismiss should be denied in its entirety.

First,  Presidion is the proper Plaintiff in this action as it is the party that contracted with Defendants.  Mirabilis does not need to be added as a party in this matter because, as acknowledged by Defendants, the assignment between Presidion and Mirabilis was null and void.

Second, Plaintiff has specifically plead that the Defendants committed fraud by forging

documents and passing them off as legitimate letters of credit, embezzling more than $2.3 millions of Plaintiff's money.  Defendants' actions go beyond a mere breach of contract and are actionable as fraud and conversion.  Moreover, the forgery is plead with the requisite specificity.   The details of the forgery as well as the details of the meetings between the parties to cover up the forgery is specifically plead in the Amended Complaint.  As a result, the fraud and conversion claims are viable claims, making Plaintiff's conspiracy claim viable as well.

Defendants' motion to dismiss, therefore, is completely without merit and should be dismissed in its entirety.

## BACKGROUND INFORMATION

This is an action for breach of contract,  fraud, conversion , conspiracy  and for rescission of various written agreements entered into by PRESIDION and Defendants to secure certain Irrevocable Letters of Credit, which later were discovered to be forged by Defendants.

As alleged in Plaintiff's Amended Complaint, in October of 2002, PRESIDION was required to secure Letters of Credit pursuant to its worker's compensation insurance policies with Lumberman's Underwriting Association (hereinafter "Lumberman's") and First Commercial Insurance Company ("First Commercial"). (See Ex. B of Affidavit of Yosef Weintraub ("Weintraub Aff."), ¶ 1)) On or about October 15, 2002, PRESIDION entered into various written agreements with Defendants in New York, New York  to secure two Letters of Credit. (Ex. B of Weintraub Aff., ¶ 3). One Letter of Credit was issued to Lumberman's for $4.7 million and the other  Letter of Credit was issued to First Commercial for $1 million, totaling $5.7 million.  (Ex. B. Of Weintraub Aff, ¶

7).

To date, PRESIDION has paid $2.3 million into the Cash Collateral escrow account, $172,000 in interest and a commitment fee of $570,000 (10% financing charge on the entire face value of the Letters of Credit) for total payments of approximately $3 million received by BRENTWOOD. (Ex. B of Weintraub Aff., ¶11)  The Letters of Credit were drafted by BRENTWOOD, acting through SPINELLI and MCCARTHA, who issued them on Bank of the West letterhead for the benefit of Lumberman's and First Commercial. (*Id.* at ¶ 12)

As the Amended Complaint alleges, the Letters of Credit, however, were not honored by Bank of the West because the Defendants had forged the signatures of the banks' representatives and the Letters of Credit were prepared without the authority, knowledge or agreement of the Bank of the West. (Ex. B of Weintraub Aff., ¶ 14)

As a result of the fraudulent Letters of Credit issued by PRESIDION had to incur additional expenses to  replace the Letters of Credit  required by  Lumberman's and First Commercial, which expense Plaintiff never would have had to incur if it wasn't for the Defendants' fraudulent actions. (Ex. B of Weintraub Aff. ¶ 15)

In February, 2003, PRESIDION marked the Letters of Credit void and cancelled and returned the full face value of the Letters of Credit to BRENTWOOD, not drawn upon, demanding return of the $2.3 million Cash Collateral. (Ex. B of Weintraub Aff., ¶ 16)

Defendants, however, have refused to return the Cash Collateral to PRESIDION despite the fact that the Letters of Credit were fraudulent and that Lumberman's and First Commercial were

unable to draw against them. (Ex. B of Weintraub Aff., ¶ 17) It was the intention of Defendants to forge the signatures on the Letters of Credit in hopes that the Letters of Credit would expire in the one- year before they were drawn upon and before Plaintiff ever discovered the fraudulent signatures. (Ex. B of Weintraub Aff., ¶ 20)

## MEMORANDUM OF LAW

### I.    LEGAL STANDARD FOR MOTION TO DISMISS

A court should deny a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) unless  a plaintiff fails to allege any facts that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) (emphasis added).  When ruling on a motion to dismiss, a Court must view a complaint in the light most favorable to a plaintiff and accept the plaintiff's well pleaded facts as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

### II.    PLAINTIFF HAS JOINED ALL NECESSARY PARTIES

Defendants first argue that the entire Amended Complaint should be dismissed because Presidion has failed to join an indispensable party  - Mirabilis - pursuant to Rule 12(b)(7). This argument is based on the allegations in Plaintiff's original complaint that Presidion had assigned all its rights the agreements with Defendants to Mirabilis.  Although Presidion had initially assigned its rights in the Loan and Collateral Agreements to Mirabilis - that is why Mirabilis was named as the Plaintiff in the original complaint - Defendants argued that the assignment was null and void because the Loan agreement required the consent of Defendants ( Ex. B. of the Affidavit of David M. Ley, dated May31, 2006, submitted with Defendants original Notice of Motion to Dismiss ("Levy Aff.")

Presidion v. Brentwood Capital & Spinelli
Case No.:  05 CV 7905

Ex. B, § 9.4), which Presidion did not have, and the Collateral Agreement prevented Presidion from assigning any rights in the agreement (Levy Aff., Ex. D, § XIV).  The assignment to Mirabilis, as acknowledged by Defendants, therefore, is null and void.  *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566 (2d Cir. 2005).  As a result, Plaintiff amended its original complaint to omit any reference to the assignment and named Presidion, the party to all the written agreements with Defendants, as the Plaintiff.  It is incredible to Plaintiff that Defendants now argue that Mirabilis should be named as a Plaintiff as well after arguing in their prior motion to dismiss the original complaint that such an assignment was null and void.  Therefore, Presidion is the proper Plaintiff in this matter and Mirabilis is not required to be added as a party.  As a result, Defendants' motion to dismiss the entire Amended Complaint pursuant to Rule 12(b)(7) should be denied.

## III.  PLAINTIFF'S FRAUD CLAIMS ARE PLEAD WITH THE REQUIRED SPECIFICITY AND ITS FRAUD AND CONVERSION CLAIMS ARE NOT DUPLICATIVE OF PLAINTIFF'S BREACH OF CONTRACT CLAIMS

Defendants also argue that the fraud and conversion claims are duplicative of the breach of contract claims, or in the alternative, the fraud claims were not plead with specificity required under Rule 9(b).

In *Bridgestone/Firestone, Inc.*, the case cited by the Defendants in their motion to dismiss, in order for a party to maintain a claim for fraud or conversion where there is a contractual relationship between the parties, a plaintiff must prove a fraudulent misrepresentation or act collateral to the contract.  98 F.3d 13, 20 (2d Cir. 1996).  Presidion, however, has alleged that Defendants not only failed to perform under the written agreements, but also that Defendants took that breach one step

6

Presidion v. Brentwood Capital & Spinelli
Case No.:  05 CV 7905

further.  As alleged in Plaintiff's Amended Complaint, Defendants forged Letters of Credit and submitted them to Presidion in  hopes that the Letters of Credit would expire in the one- year before they were drawn upon and before Plaintiff ever discovered the fraudulent signatures. (Ex. B of Weintraub Aff., ¶ 20) The fraud and conversion, therefore,   is in the forgery of the documents and in the subsequent cover up of that forgery as alleged in the Amended Complaint.  *Id.*  Moreover, Plaintiff has given Defendants proper notice of the fraud as required by Rule 9(b) by detailing and alleging the forgery of the documents and the subsequent cover up of that forgery at meetings Defendants had with Presidion.   (See Ex. B. of Weintraub Aff., ¶¶ 20 -32) Therefore, Plaintiffs claims of fraud and conversion are not duplicative of the contract claims and are plead with specificity under Rule 9(b).

## IV.    PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY IS BASED UPON FRAUD AND CONVERSION

Defendants state that Plaintiff's claim for civil conspiracy should be dismissed because there is no underlying actionable tort. However, Plaintiff has alleged, as stated above, that its claim for civil conspiracy is based upon its fraud and conversion claims (Ex. B of Weintraub Aff., ¶¶ 56-60).  To the extent that this court denies Defendants' motion to dismiss with regard to Plaintiff's fraud and conversion counts, the court should also deny Defendants' motion to dismiss Plaintiff's claim for conspiracy as well.

## CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court to enter an order denying

Presidion v. Brentwood Capital & Spinelli
Case No.:  05 CV 7905

Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

Dated: August 4, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Regular

Mail and by Fax, this 4th day of August, 2006, to:

David M. Levy, Esq.
Levy & Boonshoft, P.C.
477 Madison Avenue
New York, NY 10022

**BERMAN, KEAN & RIGUERA, P.A.**
Attorneys for Plaintiff
2101 W. Commercial Blvd.
Suite 2800
Fort Lauderdale, FL 33309
Telephone: (954) 735-0000
Facsimile: (954) 735-3636

By:___s/_____
        Richard E. Berman     (RB-2715 )

\\Server-01\REBData\Mirabilis Ventures\1310-029\Style\17986.wpd

8