

March 27, 2007

Via Electronic Mail, Facsimile, and UPS

Mr. Richard E. Berman
Berman, Kean & Riguera, P.A.
2101 West Commercial Blvd.
Suite 2800
Ft. Lauderdale, FL 33309

    Re:    *Presidion Solutions, Inc. vs. Brentwood Capital Corporation and Charles J. Spinelli, U.S.D.C., Southern District of New York, Case No.: 05 CV 7905*

Dear Mr. Berman:

    I have received your Notice of Motion to Withdraw as Counsel, Affidavit of Richard E. Berman, and Memorandum of Law which was mailed to me on March 14, 2007 in my capacity as an Officer and General Counsel for Presidion Solutions, Inc. ("Presidion"). Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York do not specify the means or methods by which a party may object to your Motion to Withdraw. Since I am not admitted to practice before this Court, I do not believe that I may file objections on behalf of Presidion directly with the Court. Therefore, pursuant to the statement in your Notice of Motion to Withdraw that Presidion should serve "opposing papers…upon the undersigned within fourteen days of service of the motion…" I am submitting these objections directly to you.

    This is to advise the firm of Berman, Kean & Riguara, P.A. ("BKR") that Presidion objects to your Motion to Withdraw and requests that you advise the Court of this fact, have the Motion set for a hearing and allow Presidion to present additional evidence and arguments in opposition thereto. In support of Presidion's objection to your Motion to Withdraw, Presidion states as follows:

    The basis of the Motion to Withdraw is set forth in Paragraph 6 of the Affidavit of Richard E. Berman, in which he alleges that: (a) "Presidion has disregarded its obligations to pay legal fees"; and, (b) "Presidion has failed to respond to communications sent to it by BKR regarding this action".

    With regard to the issue of unpaid legal fees, on March 21, 2007 BKR advised Presidion that the current balance owed in this matter was only $996.18 plus the cost for copying the file. Presidion submits this is an insignificant amount when viewed in light

of the very significant fees already paid to BKR. Further objecting, the undersigned states that Presidion has not been directly advised of the unpaid legal fees in this matter until the service of the Motion to Withdraw. Finally, a check for the unpaid fees has been sent to BKR which renders this issue moot.

As to the allegation that Presidion has failed to respond to communications sent to it by BKR, the undersigned states that he is not aware of any communications that have been made directly to Presidion that it has not responded to, and it is hereby requested that BKR specifically identify each and every communication it alleges it sent to Presidion and did not receive a response. Further objecting, the undersigned states that it has worked on several matters with attorneys at BKR, and that it will seek testimony from those attorneys to establish that Presidion has always been very cooperative, timely, and professional in communicating and providing direction and assistance to BKR in this and other matters.

Presidion also objects to Attorney Berman's conclusion in Paragraph 7 of his Affidavit that "Presidion will not be prejudiced by BKR's withdraw…" Presidion will be prejudiced in that it will be required to obtain new counsel and will need to incur the cost for new counsel to review this matter and become familiar with this rather complex transaction. Presidion should not be required to incur that cost. Further answering, bringing in new counsel will most likely result in a delay in the proceedings which will prejudice Presidion's ability to collect any judgment it may obtain against the Defendants, who may have additional time and opportunity to dissipate assets that could be used to collect any judgment Presidion may receive in this matter.

Finally, on March 21, 2007 Presidion requested a copy of the BKR file and all invoices on this matter. On that same day, a member of BKR responded that the file would be sent as requested. On March 26, 2007 a member of BKR said the file was "going out today by overnight mail." As of today, March 27, 2007, the file has still not been received by Presidion. Presidion reserves the right to raise additional arguments and objections upon its receipt and review of the BKR file.

Presidion hereby demands that BKR advise the Court that objections have been filed to the Motion to Withdraw as Counsel, and that the matter be set for hearing and that Presidion be allowed an opportunity to present this information, and other information that may become available upon receipt of the file from BKR to the Court. Please copy me on your communications with the Court transmitting these objections and requesting a hearing.

Very truly yours,

*James E. Baiers*

James E. Baiers
Chief Legal Officer

Presidion
Solutions

SWORN AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY ON THIS 27TH DAY OF MARCH, 2007.

SUSAN E. TOOHY
Notary Public, Oakland County, MI
My Commission Expires 8-25-2008

_Susan Toohy_

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2007, I served the attached Objections to the Motion to Withdraw as Counsel by serving the same upon Richard E. Berman, 2101 W. Commercial Blvd., Suite 2800, Ft. Lauderdale, FL 33309 via electronic mail to his email address, facsimile and overnight delivery service.

_James E. Baiers_