UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PRESIDION SOLUTIONS, INC.,

        Plaintiff,

  -against-                            05 Civ. 7905 (GEL)

BRENTWOOD CAPITAL CORPORATION,
CHARLES J. SPINELLI, and
O. RAY McCARTHA,

        Defendants.

------------------------------------------------------------x

_____

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR RELIEF FROM ORDER
OR, IN THE ALTERNATIVE, FOR MODIFICATION OF ORDER**
_____

                                        ROGER J. BERNSTEIN
                                        *Attorney for Plaintiff*
                                        331 Madison Avenue, 15th Flr.
                                        New York, New York 10017
                                        (212) 338-9188

Preliminary Statement

Plaintiff, Presidion Solution, Inc. ("Presidion"), respectfully moves this Court for relief under Rule 60(b) of the Federal Rules of Civil Procedure from this Court's July 6 Order dismissing this action for failure to prosecute based on the absence of counsel for Presidion at the July 6, 2007 pre-trial conference.

This case presents unusual circumstances: the general counsel for Presidion has a substantial interest in favoring defendant Spinelli and therefore had divided interests when he last represented plaintiff before this Court on June 15, 2007.

Statement of Facts[1]

Presidion is a Florida business that was defrauded by the issuance of forged letters of credit that were necessary for securing workers' compensation insurance policies. Presidion paid the defendants approximately $3 million in premiums and fees to obtain these letters of credit. Defendant Spinelli has acknowledged committing this fraud on Presidion and others, in ongoing criminal proceedings in federal court in Florida. (Bernstein Decl., Exhibits A and B).

On June 15, 2007, Presidion's former general counsel, James E. Baiers appeared telephonically on Presidion's behalf at a hearing in this Court following re-assignment of this case. At this hearing Baiers withdrew plaintiff's filed opposition to the withdrawal application of plaintiff's then counsel Richard Berman, in contravention of the instructions given to him by Presidion. Amodeo Affidavit, ¶ 7. The Court then informed Mr. Baiers that Presidion must appear with counsel at a July 6, 2007 conference and that as a corporation it could not appear *pro se*. After the conference Baiers informed

---

[1]  The applicable facts are set forth in the Affidavit of Frank Amodeo, the Declaration of Kurt E. Thalwitzer, and the Declaration of Roger J. Bernstein submitted herewith.

1

Presidion that new counsel was required, but said nothing about the necessity of appearing by counsel in court on July 6, 2007.  Amodeo Affidavit, ¶ 9.

On June 29, 2007, Mr. Baiers resigned as Presidion's general counsel, again without informing Presidion that it must send counsel to attend the July 6, 2007 conference.  Amodeo Affidavit, ¶ 10.  Although Presidion began a search for new counsel, its efforts were impeded by the re-location of its offices at the end of June, 2007.  Due to the absence of information about was required of it on July 6th, Presidion did not send counsel to attend the July 6, 2007 conference, and this Court dismissed the case for failure to prosecute pursuant to Rule 41(b).  Since learning of the Order of Dismissal, Presidion has retained new counsel and promptly filed this Motion for Relief from Order under Rule 60(b).   See Declaration of Kurt E. Thalwitzer.

In this case Presidion has grounds to question Baiers' loyalty to Presidion's interests.  Baiers failed to follow Presidion's instructions to oppose the withdrawal application of its former counsel and then misled his client as to steps that he took before this Court.  Amodeo Affidavit, ¶ 7.  Baiers also had a significant personal reason to cultivate favor with defendant Charles J. Spinelli: Spinelli has been indicted and has pleaded guilty to a superseding information and become a cooperating witness in an ongoing criminal investigation in Florida in which Baiers has been interviewed by the FBI and had his truthfulness called into question.  Bernstein Declaration, Exhibits A, B, C and D.  By failing to communicate necessary information to Presidion about the requirement to send counsel to appear at the court conference on July 6, 2007, Baiers served Spinelli's interests in obtaining a dismissal of this case and in avoiding a very large damages exposure.

Should this Court grant the plaintiff's motion for relief, Presidion will be able to proceed with its case at the Court's earliest convenience. The missed pre-trial conference took place less than three weeks ago and defendants would suffer no prejudice if this case were reinstated. Due to these reasons, and in the Court's discretion, plaintiff respectfully petitions for relief from the Court's July 6, 2007 order dismissing this case.

In the alternative, because under Rule 41(b) the July 6, 2007 order is an adjudication on the merits that precludes plaintiff from re-filing this action in any court, plaintiff respectfully requests that the Court modify its July 6, 2007 order to specify that the order is not an adjudication on the merits, pursuant to the authority granted in Rule 41(b) to so specify.

**ARGUMENT**

A.   Presidion's Failure to Appear Should Be Excused Under Rule 60(b)(1)

Rule 60(b)(1) permits a court, in its discretion, to rescind a final order for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Determining excusable neglect is "an equitable [decision], taking account of all relevant circumstances surrounding the party's omission." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248 at 250 (2d Cir.1997) (quoting *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380 at 395 (1993)).

Here, relief is appropriate under Rule 60(b)(1) because Presidion was unaware of the July 6 conference due to the lack of communication by its former general counsel. *See Peterson v. Term Taxi, Inc.*, 429 F.2d 888, 891 (2d Cir. 1970) (reversing dismissal for failure to prosecute where plaintiff failed to appear for trial believing trial

3

date had not been set); *Heavey v. Chen*, 2000 WL 124988 (S.D.N.Y. 2000) (relieving plaintiff under Rule 60(b)(1) where dismissal was due to attorney's lack of diligence); *Richardson v. Nassau County*, 184 F.R.D. 497 (E.D.N.Y. 1999) (vacating default judgment where Nassau County's attorneys failed to attend two conferences due to original lawyer leaving office and other law office failures).

Additionally, this order should be vacated because Presidion's failure to appear was neither voluntary nor grossly negligent. *See Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6 (2d Cir. 1987). In *Kotlicky*, the Second Circuit reversed a denial of a Rule 60(b) motion where the original dismissal was due to the plaintiff's failure to attend a deposition. The plaintiff never received notice of the deposition because he was out of town. *See id.* at 9. The Second Circuit held that the plaintiff's absence was not voluntary or due to gross negligence and, therefore, the "drastic" remedy of dismissal was too harsh and should have been vacated under Rule 60(b). *Id.* As in *Kotlicky*, Presidion's failure to attend was not voluntary nor due to gross negligence, thus rendering an order of dismissal unduly harsh. Rather, there are special circumstances here: the self-interest of general counsel in serving the defendants gave him reason to put plaintiff in the position of having its case dismissed.

Moreover, the defendants would suffer no prejudice if this motion were granted. In fact, two of the defendants, Brentwood Capital Corporation and O. Ray McCartha failed to appear at this same July 6 conference. Only one defendant, Charles Spinelli, appeared and would suffer no or little prejudice if this motion were granted due to the short time elapsed. *See Heavey* 2000 WL 124988 at *2 (stating that party opposing motion to vacate failed to demonstrate prejudice where plaintiff filed Rule 60(b) motion

4

three weeks after dismissal); *Nurani v. Marissa,* 151 F.R.D. 32, 35-36 (S.D.N.Y. 1993) (finding no prejudice to opposing party after two year delay).

Based on Presidion's excusable neglect and the lack of prejudice to the defendants, this Court should permit Presidion's meritous claim to go forward.

B.      Presidion's Failure to Appear May Also Be Excused Under Rule 60(b)(6)

In addition, Federal Rule of Civil Procedure 60(b)(6) permits a court to vacate a dismissal for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). In fact, this rule provides "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses [under Rule 60(b)]." *United States v. Cirami*, 563 F.2d 26 at 32 (2d Cir.1977) (quoting 7 *Moore's Federal Practice* P 60.27(2), at 375 (2d ed.rev.1975).

Here, Presidion was unaware of the need to appear at the July 6th conference through no fault of its own. Presidion was without counsel and was unaware of the obligation to appear. Due to these exceptional circumstances, relief is justified. *See Cirami*, 563 F.2d at 35 (remanding for evidentiary hearing where counsel was neglecting duties and assured clients he was not); *Vindigni v. Meyer*, 441 F.2d 376 (2d Cir.1971) (reversing denial of Rule 60(b) motion and remanding for evidentiary hearing where attorney disappeared and plaintiff claimed he was unaware of service of papers on attorney); *Nurani,* 151 F.R.D. at 32 (vacating order dismissing for failure to prosecute where former counsel was unreachable).

Furthermore, Presidion acted diligently in pursuing its case. Upon learning of the dismissal, it promptly hired new counsel and filed this motion. Presidion was not neglectful in following this case and it was not Presidion's "inadvertence,

5

indifference, or careless disregard of consequences" that led to the missed conference. *See Cirami at 35 (*finding that Rule 60(b)(6) applied where movants made reasonable inquiries of counsel who abandoned case)*(quoting Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 389 (1949)).

  C. <u>Case Law Under Rule 41(b) Also Supports this Motion</u>

    In considering whether to dismiss a case under Rule 41(b), a court may consider whether the delay of the case was caused by the lawyer's disregard of his obligation toward his client, rather than by an attempt to gain some strategic advantage. *See Dodson v. Runyon*, 86 F.3d 37 (2d Cir. 1995) (finding that district court erred by failing to consider lesser sanctions and other relevant factors before imposing the severe penalty of dismissal where there was evidence that attorney rather than client failed to advance case); *Barney v. Consolidated Edison Company of New* York, 2007 WL 952035 (E.D.N.Y. 2007) (finding that imposition of lesser sanctions than dismissal more appropriate where attorney was at least the primary, if not sole, cause of the delays in case). In *Dodson*, the Second Circuit vacated the district court's dismissal for failure to prosecute and remanded for a determination as to whether the client was complicit in the attorney's behavior and as to the efficacy of alternative sanctions.

  D. <u>Presidion's Failure to Appear Does Not Warrant Dismissal</u>

    Finally, involuntary dismissal is a harsh remedy and should be utilized only in extreme situations. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Before dismissing, the court should consider "(1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether

the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions." *Id.*

Here, Presidion missed one conference, fewer than thirty days ago. The absence counsel was through no fault of Presidion but rather to lack of communication by its former counsel -- who appears to have conflicting interests at odds with his client's interests. Moreover, as addressed above, defendants would suffer no prejudice if this matter were reinstated. Although the Court has an interest in alleviating calendar congestion, the sanction of dismissal with prejudice is a harsh one, and a lesser sanction would be more appropriate under the circumstances.

## Conclusion

For the foregoing reasons and those stated in the supporting Affidavits of Frank Amodeo, Kurt E. Thalwitzer, and Roger J. Bernstein, plaintiff Presidion Solutions, Inc., respectfully requests that the Court vacate its July 6, 2007 order of dismissal. In the alternative, plaintiff respectfully requests that the Court modify its July 6, 2007 order to specify that the order is not an adjudication on the merits, pursuant to the authority granted in Rule 41(b) to so specify, so that plaintiff is not barred from filing another action.

Dated: New York, New York
July 31, 2007

_____
ROGER J. BERNSTEIN
*Attorney for Plaintiff*
331 Madison Avenue, 15th Floor
New York, New York 10017
(212) 338-9188