UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

PRESIDION SOLUTIONS, INC.,

        Plaintiff,

  -against-                              05 Civ. 7905 (GEL)

BRENTWOOD CAPITAL CORPORATION,
CHARLES J. SPINELLI, and
O. RAY McCARTHA,

        Defendants.

----------------------------------------------------------x

## AFFIDAVIT OF FRANK L. AMODEO

STATE OF FLORIDA

COUNTY OF ORANGE

Frank Amodeo, being duly sworn, deposes and says:

1. I am over the age of twenty-one (21) years, am of sound mind, and am competent to make this affidavit in support of plaintiff's motion under Fed. R. Civ. P. 60(b) for relief from or modification of this Court's July 6, 2007 order that dismissed plaintiff's complaint under Fed. R. Civ. P. 41(b). I make this affidavit based upon my personal knowledge.

Case Background

2. Since July 2, 2007, I have been the sole director and officer of plaintiff Presidion Solutions, Inc. ("Presidion"), a Florida corporation authorized to do business in Michigan. Presidion owns, and provides administrative benefits and insurance services to, professional employer organization subsidiaries, that is, firms to which companies "outsource"

1

the management of their human resources, employee benefits, payroll and workers' compensation matters so that they can focus on their core areas of business.

3. To meet the requirements of its workers' compensation insurers, in 2002 Presidion paid the defendant Brentwood Capital herein approximately $3 million in collateral and fees for letters of credit required for the issuance of said policies. These letters of credit subsequently were shown to be forgeries, and Presidion filed this case to obtain the return of its wrongfully obtained funds.

4. One of the defendants herein has pleaded guilty to an indictment charging him with fraud in connection with these (and other) letters of credit. See Bernstein Declaration, Exhibit A (indictment) and Exhibit B (docket entries reflecting Spinelli guilty plea). Presidion therefore has a very strong case for redress.

Presidion's Former Officers' and General Counsel's<br>Failure to Advise of July 6, 2007 Conference

5. Prior to June 29, 2007, Craig Vanderburg ("Vanderburg") was President of Presidion with responsibility for its day-to-day business operations, and James Baiers ("Baiers") was its General Counsel. Prior to Baiers' termination on that date, Baiers was expressly responsible for managing Presidion's legal matters, including this case. I oversaw their management of Presidion, in which I have a substantial ownership interest through Wellington Capital Group, Inc.

6. In May of 2007 Presidion's counsel in this case, Richard E. Berman of the Fort Lauderdale, FL law firm of Berman, Kean, & Riguera, P.A.(collectively "Berman"), moved to withdraw from this case. I instructed Baiers to oppose this motion as the bills of the Berman firm had been paid in full.

2

7. In the week beginning June 25, 2007, Baiers informed me that the Court had overruled Presidion's objection to Berman's application to withdraw as counsel and had granted Berman's application to withdraw as of June 15, 2007. Baiers did not inform me of the fact that he had withdrawn Presidion's previously filed opposition to Berman's application for leave to withdraw (a fact I only learned within the last ten days from review of this Court's June 15, 2007 order). Not only was Berman's withdrawal of the opposition an unauthorized action that was entirely contrary to client instructions; but Baiers also covered it up through falsely stating the facts to the client.

8. Moreover, since Berman's withdrawal from the above-referenced case, Berman has asserted an erroneous retaining lien over all case files of Presidion which has interfered with efforts to assess the status of all cases in which Presidion is a party.

9. In the week beginning June 25, 2007, Baiers also informed me that Presidion needed to retain new counsel in New York for this case by July 6, 2007 and stated that the new attorney's role would be to obtain a default judgment against the defendants. I instructed Baiers to carry out a search for new counsel. Baiers did not inform me that there was a Court conference scheduled for July 6, 2007 at which the attendance of counsel in person to represent Presidion would be required.

10. As noted, shortly thereafter Baiers' representation of Presidion was terminated on June 29, 2007. Upon termination Baiers advised me that he had not yet located new counsel for Presidion for this case. He again failed to advise me of the July 6, 2007 court conference and of the fact that new counsel was required to appear in person on July 6th for this conference.

11. At the end of June, Presidion's operations were disrupted by the moving of its offices. Presidion vacated leased office premises at the end of June, 2007 which consisted of two floors of a total of 28,934 rentable square feet and moved its offices on June 28 – 30 to new offices. This move was disruptive as the firm's phones and computers were temporarily down and the move required the coordination and transition of personnel and operations. This distraction contributed to the delay in obtaining new counsel for this case.

12. On July 9, 2007, as the result of a PACER search conducted by new counsel engaged in Florida (without the benefit of Berman's files), I learned of the order requiring counsel to be in Court on July 6, 2007, and immediately sent instructions to Presidion's outside litigation counsel in Florida, Kurt Thalwitzer, Esq., to arrange for new counsel in New York. I am advised that steps were taken that day to retain new counsel. Thalwitzer informed me that Roger J. Bernstein was interviewed by telephone, and Bernstein was subsequently retained to represent Presidion in this case.

13. When Bernstein was retained, I learned of this Court's order of July 6, 2007 dismissing this case with prejudice, and on behalf of Presidion instructed him to file this motion. Creditors of Presidion as well as its clients have been damaged by the large loss involved here, and the corporation and its constituencies should not be damaged as a result of Baiers' misconduct.

14. I deeply regret that I was not informed that a conference was scheduled before this Court on July 6, 2007 at which Presidion needed to have new counsel appear in person. Unfortunately I thought that all that was required on July 6, 2007 was a new notice of appearance, and under the circumstances of Baiers' termination and making a transition in management (and a move), I improperly allowed myself to believe that there would be a few

4

days latitude as to the date of filing a notice of appearance. I respectfully request that my own error not be imputed to the plaintiff corporation, which is the party that has been damaged here.

15. Unfortunately the Court's July 6, 2007 order is, I am informed, a dismissal of this case *with* prejudice. For the above reasons, I respectfully request that the Court grant plaintiff's motion for relief from this order. Alternatively, I respectfully request that the Court grant plaintiff's alternative motion to amend the July 6, 2007 order to be a dismissal without prejudice, so that plaintiff is not forever barred from obtaining a remedy for the conversion and taking of its funds through fraud.

                                                                                                            _/s/ Frank L. Amodeo_
                                                                                                            Frank L. Amodeo

STATE OF FLORIDA    )
                                )
COUNTY OF ORANGE  )

The foregoing instrument was subscribed and sworn to before me this 30 day of July, 2007, by Frank L. Amodeo, who is (personally known to me) or who has produced _____ _____ as identification.

[SEAL]                                                                _/s/ Nichole M Beamer_
                                                                         Notary Public
                                                                         Printed Name: NICHOLE M. BEAMER

Commission #DD405...
...MAR...

NOTARY PUBLIC-STATE OF FLORIDA
Nichole Marie Beamer
Commission #DD405551
Expires: MAR. 10, 2009
Bonded Thru Atlantic Bonding Co., Inc