UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
PRESIDION SOLUTIONS, INC.,                                  :
                                                            :
                        Plaintiff,                          :
                                                            :         05 Civ. 7905 (GEL)
        -against-                                           :
                                                            :         **ORDER**
BRENTWOOD CAPITAL CORPORATION,                              :
CHARLES J. SPINELLI, and O. RAY                             :
McCARTHA,                                                   :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Plaintiff Presidion Solutions, Inc. ("Presidion") moves pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(6) to vacate this Court's July 6, 2007, Order dismissing its claim for failure to prosecute, or in the alternative, to specify that the Order was not an adjudication on the merits. For the reasons stated below, the motion is denied.

      On June 15, 2007, following a hearing at which the Court granted motions to withdraw by counsel for both plaintiff and defendants, the Court issued an order directing the parties to appear for a conference on July 6, 2007, at 10:00 a.m. The Court expressly warned James E. Baiers, Esq., plaintiff's then-Chief Legal Officer, that if plaintiff did not appear at the conference through counsel, the case would be dismissed for failure to prosecute. At the appointed time on July 6, defendant Charles J. Spinelli appeared, but no one appeared on behalf of plaintiff or any other party. Accordingly, the Court dismissed plaintiff's case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

      Plaintiff now claims that the Court's Order of dismissal should be vacated under Fed. R. Civ. P. 60(b)(1) and (b)(6) because it was not aware of the July 6 conference "due to the lack of communication" by Baiers, who has since left the company.[1] (P. Mem. 3.) To support its claim, plaintiff has submitted an affidavit from Frank Amodeo, plaintiff's sole remaining director and officer, asserting that Baiers did not inform him that a status conference had been scheduled for

---

[1] Rule 60(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to rescind a final order or judgment for, inter alia, "(1) mistake, inadvertence, surprise, or excusable neglect," or "(6) any other reason justifying relief from the operation of the judgment." See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (observing that "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments").

July 6. (Amodeo Aff. ¶¶ 2, 9.) Plaintiff suggests that the reason Baiers withheld this information is that he wished to curry favor with defendant Spinelli, who is allegedly cooperating with the government in an ongoing criminal investigation into the fraudulently-issued letters of credit at issue in this case. (P. Mem. 2.)

As a preliminary matter, plaintiff's claim of ignorance fails because it is well established that "the conduct of an attorney is imputed to his client." S.E.C. v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998); see United States v. Cirami, 563 F.2d 26, 34 (2d Cir. 1977) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (internal quotation marks omitted)). In this case, imputing Mr. Baiers's undisputed knowledge of the existence of the July 6 conference, and the consequences of missing the conference, to plaintiff is particularly appropriate since Baiers was not plaintiff's outside counsel, but rather, its Chief Legal Officer. Thus, the Court's directive was transmitted to a high-ranking officer of plaintiff itself. Plaintiff cites no authority for the implausible proposition that a corporation lacks knowledge of facts known to a senior member of its management, simply because that officer failed to communicate the information to some *other* officer. A close examination of Amodeo's affidavit, moreover, reveals that Baiers in fact *did* inform Amodeo that plaintiff "needed to retain new counsel in New York for this case by July 6, 2007," and that plaintiff failed utterly to heed this instruction. (Amodeo Aff. ¶ 9.)

Even the "gross negligence" of an attorney will be imputed to his client barring evidence of "diligent efforts by [the client] to induce him to fulfill his duty." Dominguez v. United States, 583 F.2d 615, 618 (2d Cir. 1978); see McNulty, 137 F.3d at 740. Assuming arguendo that Baiers did not inform Amodeo of the July 6 conference, and that such conduct constituted gross negligence, the record is devoid of any evidence that plaintiff exercised "diligent efforts" to "induce" Baiers to retain counsel for the conference. Dominguez, 583 F.2d at 618. Indeed, after Baiers resigned from the company, it was plaintiff itself that acted with negligence, if not gross negligence, as neither Amodeo nor any other agent of Presidion heeded Baiers's directive to retain counsel prior to July 6, 2007. Had plaintiff diligently done so, it would have discovered the existence of the conference and made an appropriate appearance. Accordingly, plaintiff's failure to appear at the July 6 conference cannot be excused under Fed. R. Civ. P. 60(b)(1) or (b)(6) because Baiers's knowledge — both of the existence of the conference, and of the consequences of missing the conference — is properly imputed to plaintiff.

Having concluded that plaintiff had both actual and constructive knowledge of the conference, the Court need not address plaintiff's allegation that Baiers acted with an illicit motive in allegedly withholding information about the need to appear at the conference. Plaintiff's suggestion of an illicit motive, however, is entirely speculative. Moreover, this claim appears to be undercut by Amodeo's acknowledgment that Baiers informed him that Presidion "needed to retain new counsel in New York for this case by July 6, 2007." (Amodeo Aff. ¶ 9.) If Baiers had been interested in assisting defendant Spinelli to obtain a dismissal of this case, he could simply have informed Amodeo after the June 15 hearing that no further action needed to be taken and would not likely have advised Amodeo to obtain counsel by the Court-imposed

deadline. In any event, plaintiff's evidence does not constitute the kind of "highly convincing material" necessary to justify Rule 60(b) relief. Cirami, 563 F.2d at 33.

Finally, it must be observed that the failure to comply with the Court's clear and explicit deadline was merely the culmination of a long period of utter neglect of this action by both sides, leading counsel for both plaintiff and defendants to seek and obtain leave to withdraw as counsel. Having shown no interest in pursuing this action while it was opposed by counseled defendants, and having failed to take the minimal step of obtaining new counsel to appear at a final conference, it would be unjust to permit plaintiff to revive this action now that the corporate defendant and one of the individual defendants have defaulted, and the remaining individual defendant has been reduced to pro se status. This lawsuit has collapsed of its own weight. It is too late to revive it.

Accordingly, for the reasons stated above, the motion for vacatur or modification of the judgment of dismissal is DENIED.

SO ORDERED.

Dated: New York, New York
October 18, 2007

_____
GERARD E. LYNCH
United States District Judge